Woodrow MAUGET, Plaintiff,

v.

KAISER ENGINEERS, INC., et al., Defendants.

No. C-1-78-768.

United States District Court, S.D. Ohio, W.D.

March 1, 1983.

Paul H. Tobias, Cincinnati, Ohio, for plaintiff.

J. Mack Swigert and Harold G. Korbee, Cincinnati, Ohio, for defendants.

OPINION AND ORDER LIFTING STAY AND DENYING DEFENDANT PIPEFITTERS MOTION FOR JUDGMENT ON THE PLEADINGS

SPIEGEL, District Judge:

This matter is before the Court upon the motion of defendant Pipefitters Union to vacate the stay and for judgment on the pleadings (doc. 72) and plaintiff's memorandum in opposition to the motion (doc. 75). For reasons stated in our Order denying the motions for entry of final judgment (doc. 74) we find that the stay previously ordered in this case shall be lifted and this Court shall proceed to consider defendant's motion for judgment on the pleadings previously filed in this case (doc. 62), plaintiff's response (doc. 66), and defendant's reply (doc. 67). Because the motion is supported by matters outside the pleadings, we shall consider it a motion for summary judgment under Fed.R.Civ.P. 12(c). For the reasons set forth below, we find that defendant's motion is not well-taken and should be denied.

Defendant asserts three grounds in support of its motion:

1. There is no claim against the union stated in the amended complaint;

2. The Court lacks subject matter jurisdiction over the surviving claim; and

3. Plaintiff is barred by his failure to attempt to exhaust his internal union remedies.

Plaintiff's remaining claim against the union is that the union breached its duty of fair representation by failing to refer him out of the union hiring hall after the original discharge decision became final. In the amended complaint, plaintiff charged the union with unfair representation in that it mishandled plaintiff's grievance and efforts to obtain reinstatement after his termination by Kaiser. Although not specifically pleaded, an analysis of the record indicates that plaintiff has put the union on notice that his complaint includes the charge that the union failed to send him out for other jobs. In a pretrial statement, plaintiff listed as an issue: "Did the union acting in bad faith, block plaintiff's efforts to obtain reinstatement?" Further, plaintiff attached to his original complaint, transcripts of telephone conversations with union officials in which he asked how to go about getting work after his termination.

■ We find defendant had notice from all of the pleadings filed in this case that plaintiff was protesting the union's failure to refer him out for work after his termination from Kaiser and that such claim was sufficiently pleaded under *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). These allegations originally were incorporated into the unfair labor practice charge filed against the union for its failure to represent plaintiff in his efforts to gain reinstatement and did not have to be specifically pleaded. Certainly, if the other claim against the union had not been dismissed, plaintiff could have presented evidence on this issue at trial. Now that the other claim against the union has been dismissed, we find that plaintiff has not lost his right to proceed against the union for its failure to refer him to work. He must, however, amend the complaint within thirty days specifically alleging this claim.

■ We find further that this Court has continuing jurisdiction over the remaining claim against the union for unfair representation. *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Vacca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Throughout this litigation, plaintiff has charged defendant union with arbitrary and bad faith conduct in violation of its duty to plaintiff as a union member. In *Motor Coach,* the Supreme Court stated:

Indeed, in *Vacca v. Sipes,* 386 U.S. 171 [87 S.Ct. 903, 17 L.Ed.2d 842] (1967), we held that an action seeking damages for injuries inflicted by a breach of a union's duty of fair representation was judicially cognizable in any event, that is, even if the conduct complained of was arguably protected or prohibited by the National Labor Relations Act and whether or not the lawsuit was bottomed on a collective bargaining agreement.

403 U.S. at 299, 91 S.Ct. at 1924. We find that plaintiff's claim against the union is within the class of cases excluded from the preemption doctrine by *Motor Coach* and *Vacca.*

■ Finally, we find that plaintiff's claim against the union is not barred by his failure to exhaust internal union remedies. The decision whether to require exhaustion of internal union remedies is left to the sound discretion of the trial court. *Clayton v. International Union,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Although the law favors exhaustion, in cases where the Court determines that exhaustion would be futile, cause unnecessary delay, or that the union is biased against the individual, it is not required as a prerequisite to federal court action. *Clayton, supra; Farmer v. ARA Services,* 660 F.2d 1096 (6th Cir.1981). Plaintiff inquired about union grievance proceedings and has presented letters to this Court from union officials advising him that there were no internal union remedies available to him. Whether this response was due to a misunderstanding of plaintiff's claim or to the union's alleged bad faith is a

question of fact to be resolved at trial. We do not believe, however, that internal union remedies could now provide plaintiff with the relief he seeks and would only unnecessarily delay this action further. As such we find that plaintiff need not pursue any internal union remedies at this point and that he is entitled to proceed with his remaining claim against the union in this Court.

For the reasons set forth above defendant's motion to vacate the stay is hereby granted; defendant's motion for judgment on the pleadings is hereby denied.

SO ORDERED.