772 F.2d 907
 120 L.R.R.M. (BNA) 3392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WOODROW MAUGET, PLAINTIFF-APPELLANT,
v.
KAISER ENGINEERS, INC., JOURNEYMAN PIPEFITTERS LOCAL #392,
DEFENDANTS-APPELLEES.
 NO. 83-3717
 United States Court of Appeals, Sixth Circuit.
 8/2/85
 
 S.D.Ohio, 562 F.Supp. 608
 AFFIRMED
 ORDER
 BEFORE: ENGEL and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This Ohio plaintiff appeals from a district court judgment dismissing his suit filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, charging his company with illegally discharging him in violation of the collective bargaining agreement, and charging his union with unfair representation and unlawful refusal to refer him to other work.
 
 
 2
 The plaintiff filed his suit on December 7, 1978 approximately twenty-two months after the union chose not to process his grievance. The district court ultimately dismissed plaintiff's suit pursuant to DelCostello v. Teamsters, 462 U.S. 151 (1983), for being filed beyond the six month time period contained in Sec. 10(b), of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). On appeal, the plaintiff argues that DelCostello should not be applied retroactively to bar his case.
 
 
 3
 Subsequent to the district court's decision, this Court decided in Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), that the DelCostello decision shall be applied retroactively to all hybrid Sec. 301 suits. See also Shapiro v. Cook, United, Inc., ---- F.2d ----, slip op. 83-3087 (6th Cir. May 17, 1985) (per curiam). It is also clear that DelCostello applies to bar plaintiff's claim charging the union with unlawful refusal to refer him to other work because this claim is essentially a charge of unfair labor practice which, therefore, necessarily implicates important national policies favoring rapid resolution within the six month time period contained in Sec. 10(b) of the National Labor Relations Act. See Erkins v. United Steelworkers of America, 723 F.2d 837 (11th Cir.), cert. denied, 105 S.Ct. 3517 (1984).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.