Joseph **RODONICH**, Alex Chotowicky, **Wasyl Lawro and Harry Diduck, Plaintiffs,**

v.

**HOUSE WRECKERS UNION, LOCAL 95 OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, et al., Defendants.**

**No. 82 Civ. 5583 (JMC).**

United States District Court, S.D. New York.

Nov. 7, 1985.

Hall & Sloan, New York City (Burton Hall and Wendy Sloan, of counsel), for plaintiffs.

Sipser, Weinstock, Harper & Dorn, New York City (Richard Dorn, of counsel), for defendant Local 95 and individual defendants.

Connerton, Bernstein & Katz, Washington, D.C. (Orrin Baird and Theodore T. Green, of counsel), and Schulman & Altman, New York City (James Altman, of counsel), for defendant Laborers' Intern. Union of North America.

CANNELLA, District Judge:

Defendant Laborers' International Union of North America's ["LIUNA's"] motion for summary judgment is denied. Fed.R. Civ.P. 56(b).

The motion of defendants Local 95 and the individual defendants to dismiss the Racketeer Influenced and Corrupt Organizations Act ["RICO"] claim is granted in

part and denied in part. Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

In its decision of September 20, 1985, 624 F.Supp. 678 (1985), this Court permitted plaintiffs to supplement and amend the RICO allegations in the complaint. Since that time the parties have conducted expedited discovery, and defendants now make dispositive motions on these allegations. Because this is another in a long line of decisions in this case, the Court assumes familiarity with the facts.

## DISCUSSION

### I. *The Standard of Pleading*

Defendants argue that it is necessary to plead RICO allegations with particularity. In support of this contention they direct the Court's attention to numerous cases including *Saine v. AIA, Inc.,* 582 F.Supp. 1299, 1305–06 (D.Colo.1984); *Laterza v. ABC,* 581 F.Supp. 408, 413 (S.D.N.Y.1984); *Carbone, Inc. v. Proctor Ellison Co.,* 102 F.R.D. 951, 953 (D.Mass.1984); and *Bache Halsey Stuart Shields v. Tracy Collins,* 558 F.Supp. 1042, 1045–46 (D.Utah 1983). Although these cases hold that RICO allegations must be pleaded with the particularity required by Fed.R.Civ.P. 9 for pleading fraud claims, some of these cases involve predicate acts of fraud and all antedate the Supreme Court's recent decision in *Sedima, S.P.R.L. v. IMREX Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). In *Sedima* the Court, although expressly leaving the question open, strongly indicated that a fair preponderance of the evidence satisfies the burden of proving predicate acts in a civil RICO action. *Id.,* 105 S.Ct. at 3282. If the burden of proof is not heightened in these cases, as *Sedima* suggests, the propriety of altering the pleading burden is questionable. In any event, the Court need not decide this question because defendants have had an opportunity to perform expedited discovery on the amended complaint and have received particularized information regarding the nature of the claim stated.

Accordingly, with the exceptions discussed in part IV below, plaintiffs have sufficiently stated a RICO cause of action.[1]

### II. *Hobbs and Travel Acts*

Among the predicate acts added by the amended complaint are violations of the Hobbs and Travel Acts. The Hobbs Act, 18 U.S.C. § 1951, makes it unlawful for any person to obstruct or conspire to obstruct commerce by extortion. *Id.* § 1951(a). Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." *Id.* § 1951(b)(2). Plaintiffs allege that defendants, including LIUNA, engaged in a scheme of intimidation that deprived the union membership of its rights under the Labor Management Reporting and Disclosure Act ["LMRDA"], 29 U.S.C. §§ 411(a)(1), (2). Defendants assert that such intangible rights are not property within the meaning of the Hobbs Act and therefore cannot be extorted.

The Hobbs Act "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." *Stirone v. United States,* 361 U.S. 212, 215, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960). The concept of property is not limited to tangible property but includes "any valuable right considered as a source or element of wealth." *United States v. Tropiano,* 418 F.2d 1069, 1075 (2d Cir.1969) (right to solicit business is a property right), *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1262, 25 L.Ed.2d 530 (1972). Many courts have held intangible business rights to be property under the Hobbs Act. *See, e.g.,*

---

**1.** Defendants also argue that certain predicate acts should be stricken from the complaint because they are unsupported by the evidence. In light of the Supreme Court's indication that a fair preponderance standard is the appropriate burden of proof, rather than proof beyond a reasonable doubt, this is a question of fact for the jury.

*United States v. Santoni,* 585 F.2d 667, 673 (4th Cir.1978), *cert. denied,* 440 U.S. 910, 99 S.Ct. 1221, 59 L.Ed.2d 459 (1979); *Bianchi v. United States,* 219 F.2d 182, 189 (8th Cir.), *cert. denied,* 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249 (1955); *United States v. Nadaline,* 471 F.2d 340, 344 (5th Cir.), *cert. denied,* 411 U.S. 951, 93 S.Ct. 1924, 36 L.Ed.2d 414 (1923); *United States v. Stofsky,* 409 F.Supp. 609, 615 (S.D.N.Y. 1973). Union rights are no exception. *See United States v. Local 560,* 550 F.Supp. 511, 519 (D.N.J.1982); *see also United States v. Boffa,* 688 F.2d 919 (3d Cir.1982). Accordingly, rights arising under the LMRDA are properly classified as property rights within the meaning of the Hobbs Act.[2]

■ Defendants additionally contend that the complaint fails to allege a sufficient effect on interstate commerce to establish a Hobbs Act violation. However, to constitute a violation, interstate commerce need only be affected to a "minimal degree." *See Tropiano,* 418 F.2d at 1076. Because the LMRDA was enacted under the auspices of the Commerce Clause, the effect on interstate commerce is clear. *See Local 560,* 550 F.Supp. at 518, 524 (assuming without discussing the requisite effect on interstate commerce). Accordingly, plaintiffs have fairly alleged a violation of the Hobbs Act.

■ The Travel Act, 18 U.S.C. § 1952, prohibits the use of any facility of interstate commerce to distribute the proceeds of or commit any crime of violence to further or otherwise promote an unlawful activity. *Id.* §§ 1952(a)–(c). An unlawful activity includes extortion in violation of state or federal law. *Id.* § 1952(b)(2). A violation of the Hobbs Act then is necessarily a violation of the Travel Act if the requisite use of commerce is shown. In this respect, defendants contend that a significant connection with interstate commerce is re-

quired and that this element is lacking here. However, it is not necessary that interstate travel be an integral part of the criminal activity but only that interstate travel be necessary to carry out that activity. *United States v. Herrera,* 584 F.2d 1137, 1146–47 (2d Cir.1978). On this question there is a sufficient issue of fact for the jury.

### III. *RICO Injury*

■ Defendants next contend that plaintiffs have no standing to bring a RICO claim because they were not injured by the predicate acts and suffered no proprietary type injury. Prior to the Supreme Court's *Sedima* decision the Second Circuit issued three opinions which established that a RICO injury was a distinct "racketeering injury," different in kind from that caused by the predicate acts. *See Sedima, S.P. R.L. v. IMREX Co.,* 741 F.2d 482 (2d Cir. 1984), *rev'd,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Bankers Trust Co. v. Rhoades,* 741 F.2d 511 (2d Cir.1984), *vacated,* —— U.S. ——, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985); *Furman v. Cirrito,* 741 F.2d 524 (2d Cir.1984). On review of *Sedima,* the Supreme Court reversed holding that "[a]ny recoverable damages occurring by reason of a violation of [RICO] will flow from the commission of the predicate acts." *Sedima,* 105 S.Ct. at 3286. Defendants contend that a racketeering injury is no longer sufficient to confer RICO standing and therefore plaintiffs have failed to state a claim for relief. The Supreme Court noted, however, that RICO injuries "include, but are not limited to" the type of competitive injury advocated by the dissenters. *Id.* at 3286 n. 15. Presumably this would include the "racketeering injury" concept adopted by the Second Circuit. *See id.* at 3303 (Marshall, J., dissenting). Consequently, defendants' arguments fail.

---

**2.** The Court finds unpersuasive defendants' contentions that the civil rights nature of LMRDA rights makes these rights any less a "source of wealth" than ordinary rights to do business. To the contrary, it would appear that LMRDA rights provide many union members with a

source of livelihood. Defendants' other contentions regarding Congressional intent with respect to LMRDA rights are also unavailing. *See United States v. Local 560,* 550 F.Supp. 511, 519 (D.N.J.1982).

It is not necessary for plaintiffs to allege that the predicate acts are directly responsible for the injury as long as the injury flows from the predicate acts.

■ The Court turns now to defendants' argument that plaintiffs have not suffered a proprietary type injury. Such an injury is necessary to state a RICO cause of action. *See Bankers Trust Co. v. Rhoades,* 741 F.2d 511, 515 (2d Cir.), vacated, —— U.S. ——, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985). Much of the defendants' argument proceeds on the assumption that whatever proprietary injury plaintiffs claim was not caused directly by the predicate acts and is therefore deficient. Having determined that a direct injury is not required, this argument is unavailing. Accordingly, to the extent that plaintiffs' purported injuries consist of lost wages, sufficient proprietary damage is alleged.

## IV. *The RICO Conspiracy*

To establish conspiracy in a civil RICO action, plaintiffs must prove a conspiracy to violate criminal RICO, 18 U.S.C. § 1962. *See Laterza v. ABC,* 581 F.Supp. 408, 413 (S.D.N.Y.1984). At a minimum, the Government in a criminal prosecution must show that each alleged coconspirator agreed to commit two or more specified predicate crimes. *United States v. Ruggiero,* 726 F.2d 913 (2d Cir.1984); *United States v. Bagaric,* 706 F.2d 42, 62 (2d Cir. 1963).

■ Although each coconspirator must be shown to have committed two predicate acts in a criminal prosecution under RICO, plaintiffs contend that it should be enough in the civil context if one of the alleged RICO coconspirators has committed two predicate acts. The only support offered for this contention is the Supreme Court's recent holding that RICO be broadly construed. *Sedima,* 105 S.Ct. at 3286. The Court declines to read *Sedima* as making such an important ruling *sub silentio.* Nor is there reason to impose a different standard in civil RICO actions when the substantive RICO violation, 18 U.S.C. § 1962, is the same in both criminal RICO prosecu-

tions, *id.* § 1963, and civil actions, *id.* § 1964. Accordingly, in addition to proving the RICO conspiracy itself, plaintiffs must fairly establish that each alleged coconspirator committed at least two predicate acts. *See Laterza v. ABC,* 581 F.Supp. 408, 413 (S.D.N.Y.1984).

■ Plaintiffs allege that LIUNA conspired to violate and/or aided and abetted the violation of the Hobbs Act and also aided and abetted the violation of the Travel Act. If established, the requirement of two predicate acts will be met. Defendants contend, however, that there is little or no evidence to support these allegations. Indeed, the evidence implicating LIUNA in these acts appears slim at this point and the Court is moved to say that LIUNA has made a compelling argument. Nonetheless, after long and hard consideration of the matter, the Court concludes that plaintiffs should be given an opportunity to develop the facts before a jury. LIUNA's motion for summary judgment is, therefore, denied.

The individual defendants contend that, except for defendants John Senyshyn, Joseph Sherman and John Roshetski, the complaint does not allege nor is there evidence to support the claim that each defendant committed two predicate acts. A review of the pleadings and plaintiffs' answers to interrogatories reveals that defendants Stephean McNair, John Slan, Samuel Adams, Albert Bender and Joseph Pastroski are also alleged to have each committed at least two acts of violence, which may amount to Hobbs Act violations if a plan to suppress dissent within the union is shown. 18 U.S.C. § 1951(a). With respect to the remaining individual defendants, however, the allegations are inadequate. The RICO claim is therefore dismissed as to Andrew Klebetz, William Nahay, Phil Chillak, Harold Spellman, Peter Jones, Earl Dupree, and John Chillak.

■ Finally, Local 95 asserts that it cannot be a "person" who conducted a racketeering activity because it is named as the "enterprise". Plaintiffs concede this point.

Accordingly, the RICO claim against Local 95 is dismissed.[3]

## CONCLUSION

LIUNA's motion for summary judgment is denied. Fed.R.Civ.P. 56(b).

The motion of defendants Local 95 and the individuals to dismiss the RICO claim is granted in part, denied in part. Fed.R. Civ.P. 12(b)(6).

SO ORDERED.

3. Defendants also seek a decision on the availability of equitable relief to plaintiffs. Because this is a question for the Court, not the jury, the Court reserves decision pending the outcome of the trial.