TILE, MARBLE, TERRAZZO, FINISHERS, SHOPWORKERS AND GRANITE CUTTERS INTERNATIONAL UNION, AFL–CIO, Plaintiff,

v.

LOCAL 221, TILE, MARBLE, TERRAZZO, FINISHERS, SHOPWORKERS AND GRANITE CUTTERS INTERNATIONAL UNION AFL–CIO, et al., Defendant.

Civ. No. 87–52–ATH.

United States District Court,
M.D. Georgia,
Athens Division.

April 25, 1988.

Frank B. Shuster, Blackburn, Shuster, King & King, Atlanta, Ga., for plaintiff.

James Mendelsohn, Nelson & Sweat, P.A., Atlanta, Ga., for defendant.

FITZPATRICK, District Judge.

Plaintiff brought the above-referenced action pursuant to section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C.A. § 185, when the Defendant local union (local) attempted to disaffiliate with Plaintiff and refused to transmit certain per capita taxes to Plaintiff. Defendants have filed a Motion for Summary Judgment claiming that this action was untimely filed, and therefore, the court lacks subject matter jurisdiction over this suit.[1] Defen-

---

**1.** Plaintiff has raised the argument that Defendants' Motion for Summary Judgment should be

treated as a 12(b) motion to dismiss for lack of subject matter jurisdiction since the Motion seems to be based solely on the pleadings. Defendants rely, however, on certain affidavits to support one portion of their Motion, and therefore, the court will consider Defendant's Motion as one for summary judgment. When consider-

dants' Motion raises the question of whether a six-month or a six-year limitations period should be applied to Plaintiff's claim. The court's ruling on this question is set forth more fully below.

## I. BACKGROUND

Plaintiff is an international labor organization headquartered in Alexandria, Virginia. Defendants are a local union with offices in Elberton, Georgia, and certain officials of the local union. The Defendant local union is chartered by the Plaintiff internation union (international) and is governed by the international union's constitution and by-laws.

Pursuant to Article XI, section 10 of the constitution and by-laws, Defendants are responsible for the international union for the collection and transmission to the international union of the per capita tax. From March, 1983, through December 31, 1985, Defendants failed to transmit the per capita tax in the amount of $19,493.60 to the Plaintiff international union. On January 7, 1986, the Defendant local union advised Plaintiff that it no longer considered itself an affiliate of Plaintiff, and would no longer comply with the constitution and by-laws. Since January 7th, Defendants have failed to transmit the per capita tax to Plaintiff in accordance with Article XI of the constitution and by-laws.

In Count One of its Complaint, Plaintiff alleged that Defendant local's attempt to disaffiliate was "in violation of Defendants' fiduciary obligations to its members set forth in the International Constitution and By–Laws." Plaintiff's Complaint, ¶ 10. In essence, Count One alleges that the attempted disaffiliation was a breach of the constitution (contract) which should be remedied with an Order invalidating the disaffiliation and directing Defendant Local to honor past and future commitments. In Count Two Plaintiff sought the collection of all per capita taxes owed prior to January 7, 1986, and the return of all property, books, documents and papers of the origi-

nal Local as of that date. The effect of Count Two was to seek a remedy for past breaches of the constitution in the event the court refused to find that the January 7th disaffiliation was a breach of the constitution.

## II. DISCUSSION

Plaintiff brought this action under section 301 of the LMRA which provides in pertinent part:

Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or *between any such labor organizations*, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C.A. § 185 (1981) (emphasis added). Both parties agree that the contract at issue in this case is Plaintiff international's constitution. *See Plumbers v. Plumbers Local 334*, 452 U.S. 615, 627, 101 S.Ct. 2546, 2553, 69 L.Ed.2d 280 (1981) (union constitutions are contracts within the meaning of section 301). Both parties also agree that federal law governs this action. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

Section 301 of the LMRA contains no express statute of limitations period. When a federal statute contains no limitations period, a federal court must first look to an analogous limitations period under state law. *See United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). If the state has no analogous statute or the available state statute fails to account adequately for federal policy, a district court must turn to related federal law to determine the appropriate limitations period. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158–62, 103 S.Ct. 2281, 2287–89, 76 L.Ed.2d 476 (1983).

ing a summary judgment motion, the non-movant's version of the facts must be accepted, and all disputed matters must be resolved in favor of

the non-movant. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

Because there is no express statute of limitations governing the instant action, this court must determine the appropriate limitations period to be applied. Defendant local argues that the court should apply the six-month limitations period found in section 10(b) of the National Labor Relations Act (NLRA). That limitations period governs unfair labor practice charges brought by workers against unions. Conversely, Plaintiff contends that this suit is similar to a simple breach of contract action, and therefore, the appropriate state statute of limitations to be applied is Georgia's six-year limitations period applicable to written contracts. *See* O.C.G.A. § 9–3–24 (1982).

In *Hoosier Cardinal Corp., supra,* the Supreme Court rejected the argument that a uniform statute of limitations period should be applied to all actions brought under section 301 of the LMRA. The Court held that the timeliness of a suit under section 301 is to be determined as a matter of federal law by reference to the appropriate state statute of limitations. *Hoosier Cardinal Corp.,* 383 U.S. at 704–05, 86 S.Ct. at 1113.

In *DelCostello, supra,* the Supreme Court was faced with the question of determining the appropriate statute of limitations period for a hybrid section 301/fair representation claim brought by a discharged employee. The employee had filed suit claiming that his employer had breached the employment contract by discharging him, and that the union had breached its duty of fair representation under the collective bargaining agreement. The *DelCostello* Court applied the six-month limitations period found in section 10(b) of the NLRA to the plaintiff's hybrid claim indicating that the breach of a union's duty of fair representation either was an unfair labor practice or closely resembled the type of unfair labor practice contemplated under the NLRA. *DelCostello,* 462 U.S. at 169–72, 103 S.Ct. at 2293–95. The Court noted that DelCostello's claim was not "a straightforward breach of contract suit under Section 301," but instead, was "a direct challenge to the private settlement of disputes under the collective bargaining agreement." *Id.* at 165, 103 S.Ct. at 2291.

Defendant local contends that this court should apply the six-month limitations period found in section 10(b) of the NLRA to this action. The court notes, however, that this claim is no more than an alleged breach of the international union's constitution. This action does not involve a direct challenge to the collective bargaining system, and it does not involve the same policy concerns regarding the prompt and final resolution of "labor disputes" that arise when a union has breached its duty under a collective bargaining agreement.

Moreover, the relevant case law does not support Defendants' position. In *Rodonich v. House Wreckers Union Local 95,* 624 F.Supp. 678 (S.D.N.Y.1985), the district court found that the applicable state contract statute of limitations should be applied in straightforward suits under section 301 for breach of a union constitution. *Id.* at 683. In coming to its decision, the court distinguished the type of hybrid section 301/fair representation claim considered in *DelCostello* from a suit brought solely for the breach of a union constitution. The court noted that a suit on the constitution alone "do[es] not compromise the grievance/arbitration procedures in the collective bargaining agreement and therefore impact[s] much less upon labor management relations." *Id.* (footnote omitted). Likewise, in *Papianni v. Int'l Ass'n. of Bridge, Structural and Ornamental Iron Workers, Local 11,* 622 F.Supp. 1559 (D.C. N.J.1985), the court found that the plaintiffs' claims under the union constitution were subject to the state statute of limitations applicable to contract actions. *Id.* at 1571–72. The court distinguished claims for breach of a union constitution from the hybrid claim present in *DelCostello,* and reasoned that applying a six-month limitation period to a straight section 301 action for breach of a union contract would contradict the logic of *DelCostello,* "and would effectively overrule *Hoosier Cardinal.*" *Id.* at 1573. Finally, in *Erkins v. United Steelworkers of America,* 723 F.2d 837 (11th Cir.), *cert. denied,* 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984), the Eleventh Circuit Court of Appeals determined

the appropriate limitations period for breach of a union's duty of fair representation under a collective bargaining agreement. Following *DelCostello*, the court held that the six-month limitations period found in section 10(b) of the NLRA should be applied. *Id.* at 839. The court recognized, however, that in a suit based solely on a breach of the collective bargaining agreement, with no corresponding claim against the union for breach of its duty of fair representation, state contract law would provide the applicable limitations period. *Id.* Thus, *Erkins* stands for the proposition that the state law statute of limitations for contract actions would apply to actions based solely on the breach of a union constitution. *See Rodonich*, 624 F.Supp. at 683, n. 4 (the court reached the same conclusion concerning the holding in *Erkins*).

 Therefore, the court concludes that because this action is a straightforward claim under section 301 for breach of a union constitution, Georgia's six-year statute of limitations statute for contract actions will be controlling. Plaintiff having filed its Complaint well within six years from the earliest date the cause of action accrued, the court finds that this action was timely filed.

One final matter the court must address in this Order is Defendants' request that the individual Defendants be dismissed from this suit. Plaintiff has stated that the parties agreed to have the court decide the statute of limitations question before addressing the issue of whether the individual Defendants should be dismissed from this suit. Indeed, an adverse ruling for Plaintiff on the limitations question would have obviated the need to address the issue regarding the individual Defendants. The court agrees with Plaintiff that a ruling on the individual Defendants would be inappropriate at this time. Therefore, the court will reserve its ruling on Defendants' request that the individual Defendants be dismissed from this suit until Plaintiff has had an appropriate period of time to respond to Defendants' request.

Accordingly, Defendants' Motion for Summary Judgment is hereby DENIED.