**GOHR DISTRIBUTING CO., INC., Plaintiff,**

v.

**TEAMSTERS LOCAL # 264 Affiliated With International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendant.**

No. CIV–87–66C.

United States District Court,
W.D. New York.

April 6, 1987.

Saperston & Day (Thomas S. Gill, of counsel), Buffalo, N.Y., for plaintiff.

Lipsitz, Green, Fahringer, Roll, Schuller & James (Stuart M. Pohl, and John R. LoGalbo, of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

Plaintiff Gohr Distributing Co., Inc. [Gohr] now moves for a preliminary injunction in this case to enjoin defendant Teamsters Local # 264 [Teamsters] from arbitrating the grievance of William Greene pending the final hearing and determination of this action (Items 3–5, 10). Defend-ant opposes and has filed a cross motion for summary judgment compelling arbitration (Items 8 and 9).

The facts of this case can be summarized as follows. On April 7, 1986, plaintiff discharged employee William Greene [Greene], who was a member of the bargaining unit covered by a May 1, 1985, collective bargaining agreement between the parties. On April 11, 1986, Greene filed a grievance under this agreement protesting his discharge. This grievance was subsequently denied on April 14, 1986.

Thereafter, on September 26, 1986, Greene filed a lawsuit in federal court against plaintiff and defendant (see Civ. 86–924C), alleging that Gohr had discharged him in violation of the 1985 collective bargaining agreement and that Teamsters had breached its duty of fair representation in not processing his grievance to arbitration.

On November 6, 1986, defendant Teamsters' attorney, Stuart M. Pohl, wrote to Gohr's attorney, Thomas S. Gill, demanding that Greene's discharge proceed to arbitration, "[n]otwithstanding the expiration of any applicable time limits in the collective bargaining agreement between the parties." See Item 8, Exh. 1. Mr. Pohl indicated that his client sought arbitration "solely to mitigate any potential damages ultimately awarded" in Greene's pending action. Id.

The next day, Mr. Gill wrote back to Mr. Pohl stating, inter alia, that:

[a]lthough Gohr believes this arbitration demand is untimely and specifically reserves its right to assert that defense in arbitration, Gohr is, nevertheless willing to ask the arbitrator to advise the parties whether Gohr had just cause to discharge William Greene.

Id., Exh. 2. On December 4, 1986, Mr. Gill withdrew its offer to go to arbitration on behalf of his client, plaintiff Gohr. Id. at Exh. 3.

Thereafter, on January 2, 1987, another one of Teamsters' attorneys, Richard Lipsitz, wrote to Gill stating that defendant "will not withdraw its demand for arbitra-

tion." Item 5, Exh. B. As a result of this letter, Raymond G. Riddett, Administrator for the American Arbitration Association, wrote to the attorneys of both parties, stating:

> The parties are requested to return their selections for arbitrator from the December 2, 1986 list to this office by February 4, 1987. Absent receipt by that date, all names may be deemed acceptable.

*Id.* The parties subsequently agreed to extend the date for selecting arbitrators to and including March 6, 1987, the date originally set for oral argument in this case. *Id.*

In light of these facts, plaintiff now moves for a preliminary injunction to prevent this arbitration. It argues that, because Teamsters made its arbitration demand outside the applicable six-month statute of limitations period, under section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), defendant cannot show probability of success on the merits. More specifically, plaintiff claims that defendant's demand for arbitration here came "seven months and two days after Greene's discharge and six months and 23 days after the Union received the company's final grievance answer." Item 5, p. 4. *See Del-Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Plaintiff says that, since the *DelCostello* case was decided, three circuit courts have found that that case's policies favor the application of the six-month limitations period to cases involving attempts to compel arbitration of grievances under a collective bargaining agreement. *See Teamsters Union v. Great Western Chemical Co.,* 781 F.2d 764 (9th Cir.1986); *Federated of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp.,* 736 F.2d 896 (3d Cir.1984); *International Assoc. of Mach. v. Allied Products Corp.,* 786 F.2d 1561 (11th Cir.1986).

Plaintiff asserts that, although the Second Circuit has not addressed the applica-

tion of section 10(b) of the National Labor Relations Act's limitations period to suits to compel arbitration (29 U.S.C. § 160(b)), it says the court has done so in cases by employees alleging breach of a duty of fair representation. *E.g., Ellenbogen v. Rider Maintenance Corp.,* 794 F.2d 768 (2d Cir. 1986).

Further, plaintiff says that this case, like *DelCostello,* cries out for application of the federal policy favoring "relatively rapid disposition of labor disputes." *United Parcel Service v. Mitchell,* 451 U.S. 56, 63–64, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981). It argues that Teamsters should not, at this late date, be permitted to use the arbitral form to improperly shift damages after a disgruntled employee has filed suit. *Cf., Federated of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp., supra; Local 1104, Communications Workers of America v. NLRB,* 520 F.2d 411 (2d Cir.1975).

Alternatively, plaintiff asserts that if it is forced to arbitrate the merits of Greene's discharge, it will suffer irreparable injury regardless of the outcome of this arbitration. It says, for example, that even if an arbitrator decided in its favor on both the question of arbitrability and on the correctness of Greene's discharge, Green would nevertheless be entitled to trial on his suit against the parties, at additional expense to plaintiff, without any estoppel effect whatsoever. Item 5, pp. 13–15. Further, plaintiff says that defendant will not suffer any damage if arbitration is stayed pending the outcome of this proceeding.

Finally, plaintiff asserts that the hearing on the instant motion for a preliminary injunction can and should be consolidated with a trial on the merits.[1]

In opposition to plaintiff's position and in support of its cross motion for summary judgment, defendant argues that its November 6, 1986, demand for arbitration is not untimely. It argues that the collective bargaining agreement between the parties contains a "broad arbitration clause" (Item

---

1. In its reply papers (Item 10), plaintiff argues that the six-month limitations period began to run, at the latest, when it denied Greene's griev-

ance. *Cf., Proudfoot v. Seafarer's International Union,* 767 F.2d 1538 (11th Cir.1985); New York Civil Practice Law and Rules, § 7502(b).

8, ¶ 7) and that there is no question that defendant demanded that plaintiff proceed to arbitration within the guidelines established by the November 6, 1986, demand.

More specifically, defendant now asserts that plaintiff fails to recognize that every case cited in plaintiff's papers measures the six-month limitations period *not* from the date of the alleged breach but from the date on which the union learned that the employer would not honor its demand for arbitration. *Teamsters Union v. Great Western Chemical Co., supra* at 769; *International Assoc. of Mach. v. Allied Products Corp., supra* at 1565; *Federated of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp., supra* at 899.

While defendant does not concede that a six-month statute of limitations applies in cases of this type, it says it is clear that both plaintiff's action to stay arbitration and defendant's cross motion fall well within six months of December 4, 1986, the date plaintiff advised defendant it would not submit the merits of the Greene discharge to final and binding arbitration.

I believe that, because the facts of this case are essentially undisputed, plaintiff's motion for a preliminary injunction can be consolidated with trial on the merits at this time. Accordingly, I find that the arbitration of Greene's discharge is now permanently enjoined.

After reviewing all of the case law cited by the parties in their briefs, this court recognizes that these cases are somewhat dissimilar to the instant one. In the *Great Western, Westinghouse,* and *Allied Products* decisions, the courts addressed the situation where, shortly following the denial of an employee's grievance, the union demanded arbitration and the employer refused to comply with this demand. In the instant case, the union did not make a prompt request for arbitration. Instead, the Teamsters waited to make a demand until November 6, 1986, more than six months after Gohr's final grievance answer. This situation is substantially similar to the recent case of *McCreedy v. Local Union No. 971*, 809 F.2d 1232 (6th Cir.1987), which the parties brought to the court's attention during oral argument.

In *McCreedy*, the union failed to take a prompt appeal of the employer's denial of the plaintiff employees' grievance. After considering the possible applicable limitations periods, the Sixth Circuit determined that it would be inappropriate to require the employer to arbitrate a grievance more than six months after the running of the union's period to appeal that grievance. The court found that a longer limitations period would defeat the federal policy which favors "the speedy resolution of disputes" of this type. *Id.* at 1238.

I believe this same reasoning applies here and that *DelCostello* now bars arbitration of the Greene's discharge. 29 U.S.C. § 160(b). I believe that cases like the present one should be brought within six months of their accrual date. I also believe, as plaintiff argues in its papers, that to allow the defendant union to wait until a dissatisfied employee has filed a federal action to make its arbitration request, puts the employer to additional, unnecessary expense here. *Cf., International Union of Elevator Con. v. Home Elevator Co.*, 798 F.2d 222, 229 n. 7 (7th Cir. 1986).[2]

Plaintiff's motion for a permanent injunction is granted. Defendant's motion is denied.

So ordered.

---

**2.** This court recognizes that this decision may prompt the union to consider seeking arbitration in some cases which it does not believe to be meritorious in order to attempt to minimize the possibility of successful suits against it for unfair representation. I believe that the union must use its best judgment before deciding whether or not to make a timely arbitration demand in each case.