**NICHTER ASSOCIATES, INC., Plaintiff,**

v.

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, LOCAL 210, Defendant.**

**No. CIV–85–433E.**

United States District Court, W.D. New York.

Aug. 17, 1987.

Thomas S. Gill, Buffalo, N.Y., for plaintiff.

Michael T. Harran, Rochester, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Nichter Associates, Inc. ("Nichter") initiated this action in the Supreme Court of New York, County of Erie, by petitioning for a stay of arbitration which had been demanded by the defendant ("Local 210"). A letter dated October 1, 1984 stated that Local 210 considered Nichter to be in breach of its collective bargaining agreement ("the cba") because Nichter was doing business as NAI Construction Co. Inc. ("NAI") and, in that guise, was performing work covered by the cba. Following a February 25, 1985 demand that the matter be arbitrated, Nichter filed its petition for a stay, and the matter was then removed to this Court pursuant to 28 U.S.C. § 1446. Each party has moved for summary judgment, with Local 210 contending that this Court's role in this type of case is extremely circumscribed and that the dispute being clearly arbitrable must be sent to an arbitrator for resolution. Nichter maintains that, inasmuch as the disputed event(s) occurred before the effective date of any collective bargaining agreement, the controversy falls outside the scope of the arbitration clause, and that the demand for arbitration is itself an unfair labor practice prohibited by 29 U.S.C. § 158(b)(4).

■ Prior to addressing the abovementioned arguments, a preliminary question of a possible bar by the statute of limitations must be disposed of. In order for an action to compel arbitration to be deemed timely brought before a court it has been held that such must be done within six months of the date that the employer takes an unequivocal stand that it will not arbitrate.[1] *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1237 (6th Cir.1987); *Intern. Ass'n of Machinists v. Allied Prod. Corp.*, 786 F.2d 1561, 1565 (11th

---

[1] The United States Court of Appeals for the Second Circuit has not addressed this precise issue since *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), in which the six-month limitation period of section 10(b) of the National Labor Relations Act for making charges of unfair labor practices to the NLRB was found to govern federal court claims against both the union and the employer. Thus, an existing federal law rather than a less analogous state statute was borrowed and made applicable to a situation where no federal statute of limitations had been expressly designated. The four United States Courts of Appeals' decisions cited *infra* relied on the indication in *DelCostello v. Teamsters* to extend the application of section 10(b)'s six-month limitation to actions to compel arbitration.

Cir.1986); *Teamsters Union v. Great Western Chemical Co.*, 781 F.2d 764, 769 (9th Cir.1986); *Fed. of Westinghouse Ind. v. Westinghouse Elec. Corp.*, 736 F.2d 896, 902 (3rd Cir.1984). Nichter cannot have taken an unequivocal position not to arbitrate until after the demand had been made February 25, 1985; Local 210 sought to compel arbitration in its counterclaim filed April 17, 1985. A six-month statute of limitations would therefore be no bar to Local 210's claim before this Court.[2]

■ It is immaterial that the span between the events giving rise to the grievance and the demand to arbitrate may have exceeded six months. It is the rule in this circuit that the validity of any untimeliness defense that the employer might assert against the union's demand for arbitration is within the purview of the arbitrator. *Conticommodity Services v. Philipp & Lion*, 613 F.2d 1222, 1225 (2d Cir.1980); *Carey v. General Electric Company*, 315 F.2d 499, 503–504 (2d Cir.1963), *cert. denied*, 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179 (1964); *Davis v. Pro Basketball, Inc.*, 381 F.Supp. 1, 5 (S.D.N.Y.1974).

The question of arbitrability per se is undeniably one for judicial determination. *AT & T Tech., Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). Nevertheless, in making such determination, a court must not let itself "become entangled in the construction of the substantive provisions of a labor agreement * * *." *Steelworkers v.*

*Warrior & Gulf Co.*, 363 U.S. 574, 585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960).

■ The parties to this action are signatories to two collective bargaining agreements covering, collectively, the period from June 1, 1981 through May 31, 1987. Each contains an identical broad arbitration clause—Article XIV—which covers "dispute[s] aris[ing] during this Agreement * * *." In its grievance letter of October 1, 1984, referenced in both the Petition for Removal (¶¶ 6 and 8) and the Answer to the Amended Complaint and Counter-Claim (¶ 3), Local 210 charged Nichter with doing business as NAI in violation of the Successors and Assigns clause of the agreement (Article XVII).[3] On its face then the claim is covered by the agreements and the presumption in favor of arbitrability is strong. *Steelworkers v. Warrier & Gulf Co., supra*, at 582–583, 80 S.Ct. at 1352–53 (the controversy must be arbitrated unless it can be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute"). Whether the moving party is ultimately right or wrong is a matter of contract interpretation to be decided, not by a court, but by the arbitrator. *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567–568, 80 S.Ct. 1343, 1346–47, 4 L.Ed.2d 1409 (1960). Having determined that the grievance is one which the parties in their collective bargaining agreement have evinced an intention to submit to arbitration, this Court must consider its inquiry at an end.[4] *See, AT & T Tech., Inc. v.*

---

**2.** Nichter has cited *Gohr Distributing Co., Inc. v. Teamsters Local # 264*, 657 F.Supp. 415 (W.D.N.Y.1987), the holding of which appears contrary. Therein it was acknowledged that an action to compel arbitration should be brought within six months of its accrual date. Citing *McCreedy v. Local Union No. 971, UAW*, this Court chose as significant the last date the union had to appeal the employer's denial of the union-member's grievance, not the date on which the employer definitively refused arbitration. In both *Gohr* and *McCreedy*, however, *no* demand for arbitration was made until *after* suit was filed by the aggrieved union member against both the employer and the union. This distinguishes these actions from the present situation and from the cases cited *supra* from the Third, Ninth and Eleventh Circuits—decisions that were cited with approval by the *McCreedy* court. To allow

a union to delay an individual's claim in the manner attempted in *Gohr* and *McCreedy* would unfairly burden the plaintiff. Under those circumstances, it would not be unreasonable to calculate the timeliness of the action from the date the union should have demanded that the grievance be arbitrated.

**3.** Work in contravention of the agreements between Nichter and Local 210 was allegedly done by NAI throughout the period May 1982 to October 1984. See Exhibit B to the Amended Complaint.

**4.** Nichter contends that the Successors and Assigns clause is on its face a violation of section 158(b)(4) of the National Labor Relations Act and that consequently the union's demand to arbitrate should be permanently stayed. Aside

*Communications Workers, supra,* 475 U.S. at —, 106 S.Ct. at 1420.

Accordingly, it is hereby ORDERED that the plaintiff's motion for summary judgment is denied, and that the defendant's cross-motion to compel arbitration is granted.

---

from this Court's disinclination to agree with the categorization of that clause, there is a more fundamental reason why this argument must fail. The same unfair labor practice charge was made by Nichter to the Regional Director of the National Labor Relations Board ("the NLRB") who dismissed the charge in May 1985 stating: "[I]t does not appear that further proceedings on your charge are warranted inasmuch as the investigation revealed insufficient evidence that Local 210 had violated the National Labor Relations Act by filing a grievance to compel Nichter Associates to pay the Union for lost wages, fringe benefits and dues for work performed by NAI Construction, Inc., an

alleged single employer with, alter ego, or successor to Nichter." Exhibit H to Ronald M. Fino affidavit (sworn to June 7, 1985). Whether this decision was appealed to the General Counsel is unknown.

Pursuant to 29 U.S.C. § 160(f), a final order of the NLRB is reviewable in a United States Court of Appeals. However, there is no judicial review of a General Counsel decision not to issue a complaint. *See Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912–13, 17 L.Ed.2d 842 (1967) ("the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint").