■ In the Matter of LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 210, AFL-CIO, Respondent, v SHEVLIN-MANNING, INC., Appellant. (Appeal No. 1.)—Judgment unanimously reversed on the law with costs and petition dismissed. Memorandum: Special Term erred in concluding that this proceeding merely sought the enforcement of a contract and that the New York Statute of Limitations (CPLR 213) applied. A special proceeding to compel arbitration under a collective bargaining agreement is governed by Federal law (Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380, 382-383; see also, Milk Drivers & Dairy Employees Union Local No. 338 v Dairymen's League Co-op. Assn., 304 F2d 913). Under Federal law, the six-month Statute of Limitations set forth in section 10 (b) of the National Labor Relations Act (29 USC § 160 [b]) is applicable to such proceedings (Associated Brick Mason Contrs. v Harrington, 820 F2d 31 [2d Cir]; International Assn. of Machinists & Aerospace Workers v Allied Prods. Corp., 786 F2d 1561; Nichter Assocs. v Laborers' Intl. Union, 666 F Supp 38, affd 841 F2d 1117). The statutory period begins to run when the employer refuses arbitration (Niro v Fearn Intl., 827 F2d 173; Associated Brick Mason Contrs. v Harrington, supra; McCreedy v Local Union No. 971, 809 F2d 1232, reh denied 818 F2d 6). In the subject case, petitioner acknowledged that the employer, Shevlin-Manning, refused to participate in arbitration on August 19, 1985. This proceeding, commenced on June 4, 1986, was untimely, and the petition should have been dismissed as time barred. In light of this determination, we

reach no other issues raised by the parties. (Appeal from order and judgment of Supreme Court, Erie County, Ostrowski, J.—arbitration.) Present—Denman, J. P., Boomer, Pine and Davis, JJ.