██ In the Matter of LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 210, AFL-CIO, Appellant, v STIMM ASSOCIATES, INC., et al., Respondents.—Order unanimously modified on the law, and as modified affirmed with costs to petitioner, in accordance with the following memorandum: It was error for the court to reserve decision on petitioner's motion to compel arbitration and respondent's motion to stay arbitration pending discovery to determine the accrual date of petitioner's claim. A proceeding by the union against its employer to compel arbitration under a collective bargaining agreement is governed by a six-month Statute of Limitations which begins to run when the employer refuses arbitration (Matter of Laborers Intl. Union v Shevlin-Manning, Inc., 147 AD2d 976, lv denied 74 NY2d 605; see also, Niro v Fearn Intl., 827 F2d 173, 177; Associated Brick Mason Contrs. v Harrington, 820 F2d 31; McCreedy v Local Union No. 971, 809 F2d 1232, 1237-1239; International Assn. of Machinists & Aero-

space *Workers v Allied Prods. Corp.,* 786 F2d 1561, 1564; *Teamsters Union Local 315 v Great W. Chem. Co.,* 781 F2d 764, 769; *Federation of Westinghouse Ind. Salaried Unions v Westinghouse Elec. Corp.,* 736 F2d 896, 901-902). Since respondent did not answer petitioner's grievance letters or its demand to arbitrate, its failure to respond should be equated with refusal to arbitrate. Petitioner's first grievance letter to respondent was March 12, 1987 and its demand for arbitration was dated April 3, 1987. Since this proceeding was commenced on May 15, 1987, it was brought within six months of respondent's refusal to arbitrate and was therefore timely. (Appeal from order of Supreme Court, Erie County, Fallon, J.—arbitration.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.