723 F.2d 837
 115 L.R.R.M. (BNA) 2540, 99 Lab.Cas. P 10,739
 Elbert ERKINS, and Samuel Denson, and Perry Culpepper, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellants,
v.
UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, and United
Steelworkers of America, Local 7326, Defendants-Appellees.
 No. 82-7217.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 23, 1984.
 
 Thomas M. Jacobson, Walter F. Kelly, Milwaukee, Wis., William I. Grubb, II, Eufaula, Ala., for plaintiffs-appellants.
 David M. Silberman, Peter O'Neil Shinevar, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before GODBOLD, Chief Judge, and RONEY and KRAVITCH, Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 Upon expiration of their collective bargaining agreement with American Buildings Co., Steelworkers struck. The strike lasted nearly two years, and NLRB decertified the union as the bargaining representative of the employees. For summary judgment purposes the district court accepted as true allegations that during the strike officers of the union embezzled funds, self dealt, misadvised the union membership on their replacement rights, failed to negotiate a reasonable successor collective bargaining agreement, and so unnecessarily prolonged the strike as to cause its failure and the membership's loss of employment. The membership learned of some of the officers' breaches December 1, 1979. The membership filed this breach of duty of fair representation class action November 24, 1980, almost 11 months later.
 
 
 2
 The district court granted summary judgment for Steelworkers on the membership's claim and held that the fair representation claim was barred by Alabama's one-year statute of limitations for tort actions, Ala.Code Sec. 6-2-39(a) (1975), and that the constitution of Steelworkers did not impose an implied contractual duty of fair representation on Steelworkers independent of the duty implied in the National Labor Relations Act. We affirm though in part on different grounds.
 
 
 3
 I. DelCostello and its application to this case
 
 
 4
 In DelCostello v. International Brotherhood of Teamsters, --- U.S. ----, ----, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476, 492 (1983), the Supreme Court held that the six-month statute of limitations of Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1976), applied to a hybrid action combining claims of breach of duty of fair representation against a union with breach of collective bargaining agreement against an employer.[1] Steelworkers argues that this period applies to the present action involving merely a claim of breach of duty of fair representation against a union. The membership contends that the six-month limitations period applies only to hybrid actions. An action involving only a breach of duty of fair representation claim against a union, the membership argues, is governed by a six-year Alabama statute of limitations for suits on contracts, Ala.Code Sec. 6-2-34 (1975), or a one-year Alabama statute of limitations for suits on contracts, Ala.Code Sec. 6-2-39(a) (1975), which recognizes tolling by fraudulent conduct of the officers and renders this action timely. We hold that DelCostello requires application of the six-month statute of limitations of Sec. 10(b).
 
 
 5
 The Court in DelCostello chose the six-month limitations period for a hybrid action because Sec. 10(b) statute provided a "closer analogy" than available state statutes and because "federal policies at stake and the practicalities of litigation" rendered the six-month period appropriate. --- U.S. at ----, 103 S.Ct. at 2294, 76 L.Ed.2d at 493. Both the similarity of the right asserted and policy considerations involved between a charge of an unfair labor practice under the NLRA (with its accompanying six-month statute) and a hybrid cause of action required application of the six-month period. Id. --- U.S. at ---- - ----, 103 S.Ct. at 2293-94, 76 L.Ed.2d at 492-93. This similarity of rights and considerations exists even more clearly when a claimant brings only a breach of duty of fair representation claim against a union.
 
 
 6
 First, the Court in DelCostello indicated that a breach of a union's duty of fair representation either was an unfair labor practice or so closely resembled an unfair labor practice as to require use of the six-month statute applicable to such claims:
 
 
 7
 The NLRB has consistently held that all breaches of a union's duty of fair representation are in fact unfair labor practices. E.g., Miranda Fuel Co., 140 NLRB 181 (1962), enforcement denied, 326 F.2d 172 (CA2 1963). We have twice declined to decide the correctness of the Board's position, and we need not address that question today. Even if not all breaches of the duty are unfair labor practices, however, the family resemblance is undeniable, and indeed there is a substantial overlap. Many fair representation claims (the one in No. 81-2386, for example) include allegations of discrimination based on membership status or dissident views, which would be unfair labor practices under Sec. 8(a)(1) or (2). Aside from these clear cases, duty-of-fair-representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions--as are virtually all unfair labor practice charges made by workers against unions. See generally R. Gorman, Labor Law 698-701 (1976). Similarly, it may be the case that alleged violations by an employer of a collective bargaining agreement will also amount to unfair labor practices. See id., at 729-734.
 
 
 8
 Id. In this circuit we have held that "a breach of duty of fair representation in itself constitutes an unfair labor practice within the contemplation of the National Labor Relations Act." Local Union No. 12, United Rubber, Cork, Linoleum & Plastic Workers v. NLRB, 368 F.2d 12, 17 (5th Cir.1966); see also Abilene Sheet Metal, Inc. v. NLRB, 619 F.2d 332, 347 (5th Cir.1980).
 
 
 9
 Second, in DelCostello the national policy considerations implicated in a hybrid action required application of the six-month period. This six-month period accommodated "the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system." --- U.S. at ----, 103 S.Ct. at 2294, 76 L.Ed.2d at 493. The Court held that the hybrid action "unquestionably implicates 'those consensual processes that federal labor law is chiefly designed to promote--the formation of the ... agreement and the private settlement of disputes under it.' " Id. (quoting UAW v. Hoosier, 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966)). Allegations, as in this case, that the union breached its duty to its membership by failing to negotiate a successor collective bargaining agreement and unnecessarily prolonging a strike necessarily implicate these "consensual processes."
 
 
 10
 Third, apart from the Court's analogy in DelCostello, examining the two components of the hybrid claim, breach of duty of fair representation against a union and breach of collective bargaining agreement against an employer, indicates that the six-month statute applies to a fair representation claim alone. DelCostello distinguishes between a straightforward contract suit alleging breach of the collective bargaining agreement and a hybrid breach of collective bargaining agreement/duty of fair representation claim. In a suit for breach of the collective bargaining agreement state contract law provides the applicable limitations period. Id. --- U.S. at ----, 103 S.Ct. at 2289, 76 L.Ed.2d at 487. DelCostello recognized that the addition of the fair representation element makes the state period inappropriate and requires application of the six-month period under Sec. 10(b). The addition of the fair representation element requires application of Sec. 10(b) because "the unfair representation claim made by an employee against his union ... is more a creature of 'labor law' as it has developed since the enactment of Sec. 301 than it is of general contract law." United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981). Thus the presence of the labor law element, not just the hybrid nature of the suit, made the application of Sec. 10(b) appropriate in DelCostello.
 
 
 11
 The application of Sec. 10(b) is even more appropriate here than in DelCostello. In DelCostello the presence of the claim for breach of collective bargaining agreement, which alone would have been governed by a state statute of limitations for suit on a contract, counseled against adoption of the Sec. 10(b) limitations period. The present action, involving only a fair representation claim, which the court in DelCostello held analogous to an unfair labor practice both in the right asserted and considerations involved, contains no purely contractual element militating against application of Sec. 10(b)'s six-month period.
 
 
 12
 Section 10(b)'s six-month limitations period applies to and, therefore, bars the present action. The plaintiffs admit that they discovered facts constituting evidence of the alleged fraud and breach of duty December 1, 1979. Brief of Appellant at 26. The membership brought suit almost 11 months after the discovery.
 
 
 13
 II. An implied contractual duty of fair representation in
 
 Steelworkers' constitution
 
 14
 Steelworkers constitution contains the following provisions:ARTICLE XVII
 
 Contracts
 
 15
 Section 1. The International Union shall be the contracting party in all collective bargaining agreements and all such agreements shall be signed by the International Officers.
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 Section 3. The International Union and the Local Union to which the member belongs shall act exclusively as the member's agent to represent the member in the presentation, maintenance, adjustment, and settlement of all grievances and other matters relating to terms and conditions of employment or arising out of the employer-employee relationship.
 
 
 19
 From these two sections the membership argues that we can imply a contractual duty of fair representation, which would be governed by Alabama's six-year statute of limitations for actions on a contract, in addition to the statutory duty of fair representation implied under the NLRA, see Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967) (recognizing statutory duty of fair representation implied under NLRA). The membership relies on Steele v. Louisville & Nashville Railroad, 323 U.S. 192, 202, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944), where the Court implied a duty of fair representation in the Railway Labor Act, and on the common law obligation of fairness imposed in contracts where one acts on behalf of others. See Restatement (Second) of Contracts Sec. 205 (1981) (duty of good faith and fair dealing imposed in every contract).
 
 
 20
 Since the Supreme Court found an implied statutory duty of fair representation in the exclusive representation provisions of the NLRA, 29 U.S.C. Sec. 159 (1976), see Vaca v. Sipes, a claim for which is barred by the six-month limitations period of Sec. 10(b), recognizing a contractually implied duty and applying to it a state six-year statute of limitations would create an anomalous situation. Claims under the implied statutory duty would have to be brought within six months, but claims under the union constitution could be brought within six years, even though the two claims differ in name only. Many, if not all, union constitutions contain exclusive representation provisions. The six-month limitations period in Sec. 10(b) would be rendered meaningless because fair representation claims could be brought under state statutes of limitations for contract suits, which vary from one year to at least six years. Finding an implied contractual duty and applying a state statute of limitations many times longer than the one DelCostello deemed appropriate to balance the national interests in prompt resolution of labor disputes and an employee's interest in challenging the dispute resolution mechanism would defeat the Court's choice of a statute of limitations balancing those concerns. We hold that no implied contractual duty of fair representation exists independently of the implied statutory duty under the NLRA.
 
 
 21
 The district court properly held that the union constitution did not create an implied duty of fair representation separate from the implied duty found in the NLRA.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 In Rogers v. Lockheed-Georgia Co., 720 F.2d 1247 (11th Cir.1983), we applied DelCostello retroactively to causes of action accruing before the Supreme Court's decision in that case. But see Edwards v. Teamsters Local No. 36, 719 F.2d 1036 (9th Cir.1983) (refusing to apply DelCostello retroactively). Both DelCostello and Rogers were decided after the district court's grant of summary judgment in the present action