**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE NO. 1688, Plaintiff-Appellant,**

v.

**ALLIED PRODUCTS CORPORATION, Defendant-Appellee.**

No. 85–7279.

United States Court of Appeals, Eleventh Circuit.

April 22, 1986.

John C. Falkenberry, Falkenberry, Whatley & Heidt, Birmingham, Ala., for plaintiff-appellant.

Chris Mitchell, Richard O. Brown, Constangy, Brooks & Smith, Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, VANCE, Circuit Judge, and THOMAS *, Senior District Judge.

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Section 301(a) of the LMRA, 29 U.S.C. § 185(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

GODBOLD, Chief Judge:

International Association of Machinists & Aerospace Workers and Allied Products are parties to a collective bargaining agreement that contains a provision for resolution of employee complaints through a grievance procedure, the last step of which requires submission of any dispute to an arbitrator. The union filed a grievance protesting the suspension and subsequent discharge of employee Jones in accordance with the grievance procedure set forth in the contract. Allied denied the grievance at every step.

Allied refused to submit the merits of the dispute to arbitration, asserting that the union failed to provide written notice of its intention to appeal the grievance to arbitration within the contractually prescribed time. More than six months later the union filed this suit pursuant to § 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185[1] seeking to compel arbitration.

The district court granted Allied's motion for summary judgment, holding that the six-month limitations period in § 10(b) of the National Labor Relations Act 29 U.S.C. § 160(b)[2] barred the union's complaint.

The union appealed, contending that the limitation period contained in § 10(b) should not apply to this suit and should not be applied retroactively, and that summary judgment was inappropriate.

I. The application of the § 10(b) statute of limitations

The union filed this suit pursuant to § 301 of the LMRA. There is no federal statute of limitations applicable to § 301.

2. Section 10(b) provides in pertinent part:

Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board ... shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board ... not less than five days after the serving of said complaint: *Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and service of a copy thereof upon the person against whom such charge is made. ...

In such situations federal courts borrow the most suitable statute or other rule of timeliness from some other source. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). The usual practice is to apply the most closely analogous statute of limitations under state law. *Id.* In *Del Costello*, however, the Supreme Court refused to adopt a state statute of limitations and held that the § 10(b) limitations period applied to "hybrid" claims under § 301 of the LMRA. The Court distinguished "hybrid" § 301 claims (in which a union member sues his employer for breach of the collective bargaining agreement, while also contending that his union breached its duty of fair representation) from "straightforward" § 301 claims in which a union sues an employer for breach of its collective bargaining agreement.

This case involves a straightforward § 301 claim brought by the union to compel arbitration pursuant to the terms of its collective bargaining agreement. In some cases a straightforward § 301 claim closely resembles a simple action for breach of contract, and the Supreme Court has applied state limitations periods for breach of contract to a straightforward § 301 suit. *See International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (state six-year statute of limitations for contract actions applied to suit brought by union to recover vacation pay pursuant to the terms of a collective bargaining contract). *Hoosier Cardinal* would seem to require that Alabama Code § 6–2–34 (1975),[3] which provides a six year statute of limitations in contract actions, would apply automatically in this case.

Nevertheless, *Del Costello* brings into question the automatic application of state statutes of limitations in straightforward § 301 actions. Although state law remains the norm for borrowing of limitations periods, the *Del Costello* Court noted that it would disregard the state statute "when a rule from elsewhere in federal law clearly provides a closer analogy than state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking...." 462 U.S. at 172, 103 S.Ct. at 2294.

Accordingly, this circuit has adopted a "fluid balancing test" for straightforward § 301 claims that requires the court to adopt state limitations periods if they provide a direct analogy and arise out of similar policy considerations, but to adopt the § 10(b) period if state law does not afford sufficiently direct guidance. *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 888 (11th Cir.1985). In *Samples* the court adopted the § 10(b) limitations period for a straightforward action brought by a union to enforce an arbitration award. Pertinent to the court's decision were that Georgia had no specific statute of limitations for actions to enforce arbitration decisions and that Georgia's six year limitations period for actions to enforce contracts negated the possibility of the prompt resolution of labor disputes, an essential policy consideration in § 301 actions.[4]

---

**3.** Ala.Code § 6–2–34 provides:
The following must be commenced within six years:

. . . . .

(9) Actions upon any simple contract or specialty not specifically enumerated in this section.

**4.** The union cites *Erkins v. United Steelworkers of America*, 723 F.2d 837 (11th Cir.1984), as requiring an automatic application of state statutes of limitations in straightforward suits. In *Erkins* the court held that the § 10(b) six-month statute of limitations applies to a § 301 claim brought by union members against their union

for breach of duty of fair representation. The court explained:

[E]xamining the two components of the hybrid claim, breach of duty of fair representation against a union and breach of collective bargaining agreement against an employer, indicates that the six-month statute applies to a fair representation claim alone. *DelCostello* distinguishes between a straightforward contract suit alleging breach of the collective bargaining agreement and a hybrid breach of collective bargaining agreement/duty of fair representation claim. In a suit for breach of the collective bargaining agreement state contract law provides the applicable limitations

■ Like an action to enforce an arbitration award, an action to compel arbitration involves more federal concerns than the simple breach of contract claim in *Hoosier Cardinal.* Alabama law provides no statute of limitations for actions to compel arbitration and the six year limitations period provided in Ala.Code § 6–2–34 for contract actions contravenes the federal policy of the prompt resolution of labor disputes. Because we find that state law affords no reasonably applicable rule as to the proper time limitation for the union's action to compel arbitration, we adopt the six month limitation period of § 10(b) in this case.[5]

## II.  The retroactivity issue

The union contends that even if the § 10(b) period of limitations applies to a straightforward § 301 suit brought by a union to compel arbitration, it should not be applied retroactively in this case, maintaining that it relied on the earlier decisions in *Hoosier Cardinal* and *Kaufman and Broad Home Systems, Inc. v. International Brotherhood of Firemen and Oilers, AFL–CIO,* 607 F.2d 1104 (5th Cir.1979) in which state statutes of limitations for con-

tract actions were applied to straightforward § 301 claims.

As a general rule judicial precedents have retroactive as well as prospective effect. *Rogers v. Lockheed-Georgia Co.,* 720 F.2d 1247, 1249 (11th Cir.1983); *cert. denied,* —— U.S. ——, 105 S.Ct. 292, 83 L.Ed.2d 227 (1984). In *Rogers* this court held that the § 10(b) period of limitations applied retroactively to suits involving hybrid § 301 claims under the test for nonretroactive application of a decision found in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Chevron* the Supreme Court held that retroactive application is inappropriate only where (1) the new rule overrules clear past precedent or decides an issue of first impression whose resolution was not foreshadowed; (2) retroactive application will retard rather than further operation of the rule in question; and (3) retroactive application will produce substantial inequitable results. 404 U.S. at 106–07, 92 S.Ct. at 355–56.

■ In this case the union's cause of action arose in March 1984, long after *Del Costello* was handed down. *Del Costello*

period.... *DelCostello* recognized that the addition of the fair representation element makes the state period inappropriate and requires application of the six-month period under § 10(b).
723 F.2d at 839.

The statement in *Erkins* that the state statute of limitations applies to a straightforward suit was dictum. The issue in *Erkins* concerned the application of the § 10(b) limitations period to a breach of fair representation claim rather than its application to a straightforward claim. We are thus governed by the later square holding in *Samples.*

**5.** Two other circuits have adopted the six month period of § 10(b) in § 301 actions brought by a union to compel arbitration pursuant to the terms of a collective bargaining contract. *Teamsters Union Local 315 v. Great Western Chemical Co.,* 781 F.2d 764 (9th Cir.1986); *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.,* 736 F.2d 896 (3d Cir.1984).

In *Great Western Chemical Co.* the Ninth Circuit observed:

When the grievance ... is the discharge of a union member, and his remedy is arbitration,

it is important that the remedy be promptly invoked and administered—important to the named parties and especially important to the aggrieved employee union member and to those in management who have direct relationships with the grievant. They all need to know where they stand. A long period of controversy and conflict can be a serious burden both for the grievant and for the management, and can poison the relationship between the contracting parties that the contract was designed to establish and preserve. All of these considerations point toward borrowing a statute of limitations that will prescribe a short period for invoking judicial help to compel arbitration.
781 F.2d 764 at 766.

The *Westinghouse* court noted:
[G]rievances often involve an alleged activity which is also an unfair labor practice over which the National Labor Relations Board has jurisdiction. The Board frequently defers the consideration of such charges to the arbitral forum if it is available.... Thus it makes a great deal of sense to have a common statute of limitations for unfair labor practice charges and for suits to compel arbitration.
736 F.2d at 902.

brought into question the automatic application of state statutes of limitation in straightforward § 301 actions. *Samples,* 755 F.2d at 888. Therefore, *Hoosier Cardinal* and *Kaufman* did not provide clear past precedent for application of a state statute.

Moreover, as in *Rogers,* denying retroactive application in this case would retard rather than further the federal interests in prompt resolution of labor disputes, finality, and consistency embodied in *Del Costello.* 720 F.2d at 1249–50. In *Samples* this court applied § 10(b) retroactively to the elements of the decision which involved a straightforward § 301 claim. Accordingly, we hold that the § 10(b) statute of limitations applies retroactively in this suit.

III.   Determining when the § 10(b) period began to run

The union maintains that summary judgment was inappropriate because there remains a material issue of genuine fact, *i.e.,* whether six months had passed between the time that the union knew that Allied would not arbitrate the case on its merits and the time that this action was commenced. The union has raised this argument for the first time on appeal. It is not the practice of this court to consider issues on appeal that were not raised in the district court. *Allen v. Alabama,* 728 F.2d 1384, 1387 (11th Cir.1984).

AFFIRMED.