798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marietta MCNARY, Plaintiff-Appellant,
v.
UNITED STEELWORKERS OF AMERICA, Defendant-Appellee.
 No. 85-5638.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the order dismissing this action against her union for unfair representation and for racial and sexual discrimination. She applied to this Court for the appointment of counsel. That motion was held in abeyance pending the preparation of a transcript of the bench trial and its inclusion in the record. The Court in now in receipt of the transcript and the counsel motion is referred to this panel for consideration pursuant to Rule 9(a), Rules of the Sixth Circuit,
 
 
 2
 The plaintiff was discharged from her employment with martin Marietta Corporation because of excessive absenteeism. She filed a grievance and the matter proceeded to arbitration. Based upon the evidence before her, the arbitrator found just cause for the discharge and denied the grievance. The plaintiff then filed a charge with the Equal Employment Opportunity Commission (EEOC) asserting racial and sexual discrimination in the union's handling of her grievance. The EEOC found no basis for that charge and issued a right-to-sue letter.
 
 
 3
 The present pro se action followed, In the district court, the plaintiff claimed the union breached its duty of fair representation by failing to prepare adequately for the arbitration hearing and to call certain Witnesses to testify at that hearing, She also again claimed racial and sexual discrimination in the union's handling of the grievance, Following a bench trial, the district court concluded the plaintiff failed to present evidence tO SUPPOrt these claims and dismissed the action.
 
 
 4
 This Court has available to it the record the proceedings below, including the pleadings and the transcripts of the plaintiff's deposition and the bench trial. Based on that record, we conclude the district court did not err in dismissing the action.
 
 
 5
 The plaintiff's claims of unfair representation are governed by federal labor law. See Vaca v. Sipes, 386 U.S. 171 (1967). Although the record amply supports the district court's finding that the union did not breach its duty of fair representation, we observe that this claim was also time-barred. Claims of unfair representation in grievance proceedings are governed by the six-month statute of limitations found in 5 10(b) of the National Labor Relations Act, 29 U.S.C. 5 160(b). See DelCostello Teamsters, 462 U.S. 151 (1983); Erkins v. United Steelworkers, 723 F.2d 837 (11th Cir.), cert. denied, 467 U.S. 1243 (1984). The plaintiff's claims as to racial and sexual discrimination under Title VII were timely filed and properly addressed by the district court. Upon review of the record, including the trial transcript, however, we conclude the district court did not err in dismissing these claims for an absolute failure of proof. Therefore,
 
 
 6
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 7
 After an examination of the record, this panel agrees unanimously that oral argument is not needed in this appeal, Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 8
 It is further ORDERED that the district court's order of June 27, 1985, dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.