**UNITED MINE WORKERS OF AMERICA, DISTRICT 31, Plaintiff,**

v.

**ERWIN INDUSTRIES, INC., Defendant.**

**Civ. A. No. 85–0039–C(K).**

United States District Court, N.D. West Virginia, Clarksburg Division.

June 4, 1987.

Barbara Fleischauer, Fairmont, W.Va., for plaintiff.

Robert M. Steptoe, Jr., Clarksburg, W.Va., for defendant.

## MEMORANDUM OPINION

KIDD, District Judge.

On February 20, 1985, plaintiff, United Mine Workers of America, District 31, ("UMWA"), filed this action against Erwin Industries, Inc., ("Erwin"). UMWA brought this action under § 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185, to compel Erwin to submit to arbitration. UMWA claims that when Erwin, on April 14, 1983, purchased a facility located in Fairmont, West Virginia, from FMC Corporation, ("FMC"), Erwin became bound to the collective bargaining agreement between the UMWA and FMC Corporation. As such, the UMWA asserts that Erwin is required to honor seniority rights of former FMC employees who are members of the UMWA. Erwin refused to do so, claiming that it did not assume any employer obligations of the collective bargaining agreement between FMC and the UMWA.

On July 7, 1983, an FMC employee filed a class action grievance against both Erwin and FMC. Erwin responded on July 12, 1983, stating:

1. It did not violate any provision of the contract;

2. FMC and Erwin Construction Company are separate distinctive employers;

3. The grievant lacked standing to file a class action suit for other unnamed individuals; and

4. The grievance was untimely filed.

In June 1984, the UMWA again sought to have the issue of successorship arbitrated by FMC and Erwin. Erwin again refused.[1] This suit resulted.

On September 8, 1986, the UMWA filed its motion for summary judgment and memorandum of law in support. On October 7, 1986, Erwin filed its cross-motion for summary judgment, along with its memorandum, discovery responses and affidavits.

The primary issue to be decided is the applicable statute of limitation for a § 301 LMRA suit to compel arbitration. This being a question of law, and there being no material issue of fact in regard to this question of law, this matter is appropriate for summary judgment.

The question of the limitation period to be applied here has not yet been decided by the Fourth Circuit Court of Appeals. Four other circuits, however, have ruled that the six month period found in § 10(b) of the National Labor Relations Act, ("NLRA") applies to § 301 LMRA action to compel arbitration. *McCreedy v. Local Union No. 971, UAW,* 809 F.2d 1232 (6th Cir.1987); *Intern. Ass'n of Machinists v. Allied Prod. Corp.,* 786 F.2d 1561 (11th Cir.1986); *Teamsters Union v. Great Western Chemical Co.,* 781 F.2d 764 (9th Cir.1986); *Fed. of Westinghouse Inc. v. Westinghouse Elec. Corp.,* 736 F.2d 896 (3rd Cir.1984). These decisions were guided by *DelCostello v. Int'l. Broth. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), where the six month period of § 10(b) NLRA was held applicable to an employee's claim against his employer for breach of collective bargaining agreement and against his union for breach of the duty of fair representation (hybrid § 301 LMRA action). The six month period was used instead of the most closely analogous state statute of limitations which applies to the straight forward suit under § 301 LMRA for breach of a collective bargaining agreement by an employer, as was the case in *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

The major consideration for applying the six month limitation period in *DelCostello*

---

1. On January 9, 1984, the UMWA filed a companion suit to the one at bar against FMC, seeking to compel FMC to arbitrate the issue of successorship. *UMWA v. FMC,* Civil Action No. 84–0005–C(K) (N.D.W.Va.)

is the need for national uniformity and stability in federal labor policy.

Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from law.

*DelCostello*, 462 U.S. at 171–172, 103 S.Ct. at 2294.

Arbitration is a policy at the heart of federal labor law. *Nolde Bros., Inc. v. Bakery Workers*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). Arbitration involves "those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of dispute under it." *DelCostello*, 462 U.S. at 163, 103 S.Ct. at 2289. Therefore, national uniformity is of great importance in § 301 LMRA actions to compel arbitration.

Actions to compel arbitration should be brought quickly instead of being exposed to collateral attack for long periods of time. In fact, the arbitration clause involved in the case at bar specifically states that "an earnest effort shall be made to settle such differences at the earliest practicable time." Article XXI(b), National Bituminous Coal Wage Agreement of 1981. Applying the West Virginia five year limitation applicable to oral contracts would defeat the purpose of arbitration, namely, the speedy resolution of disputes. Furthermore, since the six month period is sufficient for an employee to bring a hybrid § 301 suit, it is certainly sufficient time for a union to bring its action to compel arbitration. Accordingly, the six month limitation period in § 10(b) NLRA should apply to a § 301 LMRA suit to compel arbitration.

Having decided the six month limitation period in § 10(b) NLRA applies, it is clear that this action was not brought within the six month period. The UMWA filed this action on February 20, 1985, over nineteen months after Erwin refused to arbitrate the initial grievance and over seven months after the UMWA's second unsuccessful demand for arbitration. Therefore, the Court is of the opinion that this action is time-barred. Accordingly, it is ORDERED that the defendant's cross-motion for summary judgment be GRANTED and that this action be DISMISSED and stricken from the docket of the Court.

Judgment shall be entered accordingly.