Richard H. Markowitz, Regina C. Hertzig, Philadelphia, Pa., for plaintiff.

Robert M. Goldich, Philadelphia, Pa., for defendant.

---

**SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 252**

v.

**1500 GARAGE CORPORATION.**

**Civ. A. No. 88–3740.**

United States District Court, E.D. Pennsylvania.

Oct. 31, 1988.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is the defendant's motion to dismiss pursuant to Fed.R. Civ.P. 12(b) for lack of subject matter jurisdiction or, alternatively, because the statute of limitations for this action has expired. For the reasons stated herein, after full consideration of the supporting legal briefs, reply briefs and affidavits, defendant's motion to dismiss will be granted.

### I. BACKGROUND

Plaintiff Service Employees International Union, Local 252 (hereinafter "Union") has commenced this action under Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185 ("NLRA"), seeking to compel defendant 1500 Garage Corporation (hereinafter "Company") to submit to arbitration of a dispute arising out of a collective bargaining agreement originally entered into by the parties in January, 1981. The Company formerly operated a parking garage located at 1500 Locust Street in Philadelphia, Pennsylvania, where its non-supervisory employees were represented by the Union.

On January 20, 1981, the Company and the Union entered into a two-year collective bargaining agreement effective from January 2, 1981 to January 1, 1983. On January 10, 1983, the Company agreed to extend this agreement "on the same terms and conditions" for an additional period of three years, effective January 2, 1983

through January 1, 1986, subject to only certain wage adjustments.

The collective bargaining agreement contained two (2) provisions that have given rise to the present action. First, it contained a rollover provision wherein the agreement was to continue in effect from year to year after its termination "unless each party serves notice in writing, thirty (30) days prior to the expiration of the original term, or any subsequent term, of a desire to change, modify or terminate" the agreement. Second, it contained a "successors/assigns" clause which provided that the terms of the collective bargaining agreement were to be binding upon the parties' "successors in title and assigns."

In October, 1985, both the Company and the Union exchanged notices of their respective desires to change, modify or terminate the collective bargaining agreement. The Company's notice informed the Union of the possibility that the Company might terminate operations and lease the garage to an outside operator unless it could achieve a substantial cost reduction. Shortly thereafter, the Company leased the garage facility to an independent outside operator, Edison Locust Corporation ("Edison"). The Union subsequently entered into a collective bargaining agreement with Edison.

In the meantime, the Company's collective bargaining agreement with the Union was due to expire by its terms on January 1, 1986.

In late 1986, and following the termination of the Company's collective bargaining agreement with the Union, the Company terminated its garage lease with Edison, and leased the garage to another outside operator, the Five Star Parking Corporation ("Five Star"). Once Five Star took over the lease, it refused to employ the former employees of Edison or otherwise honor the terms of the collective bargaining agreement.

A grievance and a demand for arbitration was filed by the Union charging that Edison breached its obligations under the "successors/assigns" clause of the contract by failing to have Five Star assume Edison's obligations under the collective bargaining agreement. The Union also notified the Company that it was its belief that the Company also breached the "successors/assigns" clause of the collective bargaining agreement when it leased the garage to Five Star.

Subsequently, on January 21, 1987, the Union asserted that the Company violated the "successors" clause of the collective bargaining agreement in failing to require Five Star to adopt the collective bargaining agreement. The Union demanded immediate arbitration of this dispute under the arbitration provision of the agreement and submitted a list of four potential arbitrators to the Company.

On February 16, 1987, the Company responded to the Union's request in the following manner:

We must decline your request for arbitration, since there is no outstanding agreement under which 1500 Garage Corporation has agreed to arbitrate any dispute with Local 252. The earlier agreement, between the parties, expired on January 1, 1986. As you are aware, under well-established law, unless a party is contractually obligated to do so, it is not required to submit to arbitration.

In addition, the Company instructed the Union that Edison, not itself, was the proper party if the Union desired to proceed to arbitration.

The Union took issue with this response and continued to assert the Company's liability. On March 2, 1987, the Company again sent a letter to the Union, denying any liability under the collective bargaining agreement.

Edison and the Union eventually arbitrated their dispute. The arbitrator, in December, 1987, denied the Union's grievance, finding that Five Star was not a successor to Edison under the terms of the collective bargaining agreement. Thereafter, on January 15, 1988, the Union wrote the defendant informing it of both the arbitrator's decision and its desire to arbitrate the matter with the Company. On January 19, 1988, the defendant again asserted that it was unwilling to submit to arbitration.

As a result of this dispute, on May 6, 1988, the Union filed the present action to compel arbitration.

The Company contends that plaintiff's complaint should be dismissed for a number of reasons. First, it claims the court lacks subject matter jurisdiction over this action because no collective bargaining agreement presently exists between the Company and the Union. In this regard, it is also alleged that the complaint fails to state a claim upon which relief can be granted because the substantive obligations of the collective bargaining agreement expired. Lastly, the Company claims that the present action is barred by the statute of limitations applicable to suits to compel arbitration.

## II. DISCUSSION

Since it is dispositive of the action, it is only necessary to address defendant's claim that the present action is time barred.

Both parties agree that actions to compel arbitration are governed by the six month statute of limitations found in the NLRA for bringing actions charging unfair labor practices. 29 U.S.C. § 160(b). *See Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896, 901 (3d Cir.1984); *Intern. Ass'n of Machinists v. Allied Products Corp.*, 786 F.2d 1561, 1564 (11th Cir. 1986); *McCreedy v. Local Union No. 971*, 809 F.2d 1232, 1237 (6th Cir.1987).

In *Westinghouse*, the Third Circuit held that the six month statute of limitations of the NLRA, which the Supreme Court had earlier ruled applied to hybrid actions by an employee seeking to enforce a labor contract and sue a union for breach of its duty of fair representation in *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), also applied to a direct action by a union seeking to compel arbitration of a labor dispute. The court noted that application of a six month statute of limitations fostered the important purpose under federal labor law for promptly resolving labor disputes. The *Westinghouse* court further held that a union's cause of action to compel arbitra-

tion arises "when the employer takes an unequivocal position that it will not arbitrate." 736 F.2d 896, 902. No determination was made at trial as to when Westinghouse first unequivocally stated that it would not submit to arbitration, and accordingly the case was remanded for further proceedings on that issue. *Id.*

Here, the Company claims that the present action is barred by the statute of limitations since an unequivocal rejection of plaintiff's request for arbitration occurred on February 16, 1987, the date on which the Company first responded to plaintiff's request. Since the present action was not filed until May 6, 1988, well over a year after reception of the aforementioned letter, the Company argues this action is time barred by § 160(b).

Plaintiff, on the other hand, contends that an unequivocal rejection of its proposal for arbitration never occurred until January 19, 1988, making the filing of the present action timely. Plaintiff claims that as of February 19, 1987, there was still some doubt as to whether the Company would arbitrate this matter after the Union pursued the matter with Edison. Plaintiff relies on the following language from the Company's February 19, 1987 letter to support this proposition:

Since you have submitted a similar request for arbitration to Edison, I suggest that you look to Edison for whatever relief you are seeking.

The Union maintains that, although the Company stated in its letter that it would not arbitrate this matter, its suggestion to the Union that it pursue the matter with Edison left open the possibility that the Company would submit to arbitration of this dispute after the Union pursued arbitration with Edison. In view of this fact, the Union contends that an unequivocal rejection of its arbitration request could not occur until after a final ruling had been handed down in the Edison arbitration. Thus, the Union argues that an unequivocal rejection of its request to the Company came on January 19, 1988, not February 19, 1987, and since the complaint was filed within six months of the later date, January 19, 1988, the present action is not barred by the statute of limitations.

**490**

Viewing the record as a whole, the court finds that the Company took an unequivocal position that it would not submit to arbitration in the present matter in its letter dated February 19, 1987. In this letter, the Company explicitly stated that it was declining the Union's request for arbitration because the collective bargaining agreement had expired. The Company's position was decisively clear that it was unwilling to submit to arbitration with the Union. There was nothing uncertain or doubtful about the Company's position and its suggestion that the Union seek relief elsewhere cannot be construed to change the plain meaning of the Company's refusal to arbitrate. Actually, that portion of the letter suggesting that the Union arbitrate with Edison, rather than supporting plaintiff's contention, provides additional support for the Company's position that it had no intention of submitting to arbitration itself. In addition, the Company's letter of January 19, 1988, rather than being the first time that the Company took an unequivocal position that it would not arbitrate, was merely a reaffirmation of the position it has taken before, namely that the Company was unwilling to submit to the Union's arbitration request.

Applying *Westinghouse* to the present action, the Union's cause of action accrued on February 19, 1987, the date on which the Company responded to the Union's January 21, 1987 request for arbitration. Since the complaint in the present action was not filed until May 6, 1988, well beyond the six month statute of limitations applicable to such actions under *Westinghouse*, the present action is time barred by 29 U.S.C. § 160(b).

## III. CONCLUSION

For the reasons stated above, the court will grant defendant's motion to dismiss the present action.

An appropriate Order will be entered.