We hold that the duty, if any, on which the plaintiffs' claims rest, arises solely out of federal labor law (the Labor Management Relations Act, 29 U.S.C. § 141 et seq.; and the National Labor Relations Act, 29 U.S.C. § 151 et seq.). The fact that the plaintiffs couched their suit in language indicative of state-law claims does not create a state-law cause of action where, as here, a state-law claim does not otherwise exist. In other words, but for the duty of fair representation implied in the union-employee relationship, inherent in federal labor law, no cause of action exists for legal malpractice against a nonlawyer, based on the nonlawyer's "failing to adequately represent the plaintiffs" in a litigated "discrimination" suit. See Erkins v. United Steelworkers ofAmerica, AFL-CIO-CLC, 723 F.2d 837 (11th Cir.), cert. denied,467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984).
Therefore, because the plaintiffs concede that, if the preemptive effect of federal law is applicable, their claims are time-barred, we reverse the judgments appealed from and render judgment for the defendants. See InternationalBrotherhood of Electrical Workers v. Powell, 370 So.2d 987
(Ala. 1979).
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.