**Patrick BYRD, Plaintiff,**

v.

**SOUTH FLORIDA CARPENTERS DISTRICT COUNCIL, Defendant.**

**No. 90–1509–CIV–KING.**

United States District Court,
S.D. Florida.

June 14, 1991.

Patrick Byrd, pro se.

Kaplan & Bloom, P.A., Miami, Fla., for defendant.

## FINAL ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on the defendant's motion for summary judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. In its motion for summary judgment, the defendant argues that the plaintiff's action is time-barred and that the Department of Labor's decision not to bring suit challenging union election procedures is nonetheless dispositive of the case.

■ The plaintiff's complaint alleges improprieties with the adoption and implementation of union bylaws, as well as a resulting diminution in the voting rights of a portion of the membership. According to the plaintiff, these bylaws were adopted in violation of the union constitution and the bylaws that were then in existence. The plaintiff's complaint further implies that these bylaws have diluted the voting rights of union members and have caused the subsequent elections of union officers to be invalid.

However, the plaintiff has come forward with no factual support for his allegations. It appears from the uncontroverted facts that the constitution and laws of the United Brotherhood of Carpenters and Joiners of America, as well as the bylaws of the South Florida District Council, have been followed by the defendant insofar as the allegations made by the plaintiff are concerned. The plaintiff may be dissatisfied with the manner in which the union constitution and bylaws can be amended, but there is nothing to suggest that any impermissible procedure took place with respect to the adoption or implementation of the bylaws.

■ Notably, the plaintiff has already presented his charges of election impropriety to the Department of Labor. The Department of Labor has found no violation of the Labor–Management Reporting and Disclosure Act and has reached a determination that no complaint should be filed in federal court. Moreover, the Secretary of Labor is the sole individual authorized by law to institute an action challenging the validity of a union election. *See* 29 U.S.C. § 482; *Trbovich v. United Mine Workers*, 404 U.S. 528, 531–32, 92 S.Ct. 630, 632–33, 30 L.Ed.2d 686 (1972). The plaintiff cannot bring an action against the union in this court in order to challenge the validity of past union elections.

■ Finally, the plaintiff appears to challenge the defendant's role in matters apart from union elections. The plaintiff's allegations in this respect involve union conduct in 1985 by the international union, rather than by the district council which is the named defendant in this action. At that time, the representatives of the international union allegedly signed a contract over the wishes of the local membership. The plaintiff also alleges that the South Florida District Council passed the bylaw amendments used in conducting the challenged elections despite a local union vote not to amend the bylaws. This action by the District Council took place on June 4, 1986.

Insofar as the plaintiff's *pro se* complaint can be construed to allege violations of the defendant's duty of fair representation, the defendant argues that the action is barred by a six month statute of limitations. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Erkins v. United Steelworkers*, 723 F.2d 837

(11th Cir.), *cert. denied,* 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984). Similarly, the defendant argues that, to the extent that the plaintiff's action alleges violations of 29 U.S.C. § 411, the six month statute of limitations also appears applicable. *See Davis v. United Automobile, Aerospace & Agriculture Implement Workers,* 765 F.2d 1510 (11th Cir.1985), *cert. denied,* 475 U.S. 1057, 106 S.Ct. 1284, 89 L.Ed.2d 592 (1986). It appears, however, that a borrowed state statute of limitations may provide the applicable statute of limitations. *See Reed v. United Transportation Union,* 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989) (holding that a state statute of limitations should be borrowed where a plaintiff is being penalized for the exercise of his First Amendment rights, in violation of 29 U.S.C. § 411(a)(2)). In any event, to the extent that the limitations period for these claims would be governed by a borrowed state statute of limitations, any Florida statute of limitations that would arguably apply to the plaintiff's claims would establish a limitations period no longer than four years. *See* Fla.Stat. § 95.11. However, more than four years elapsed from the respective adoptions of the labor contract and new bylaws to the filing of the complaint. The plaintiff has made no showing nor provided any reason whatsoever explaining why this action would not be precluded by either the six month statute of limitations advanced by the defendant or by any other limita-tions period that would otherwise apply to the action. He has not alleged any delay in the discovery of the facts forming the basis of his asserted claims. The actions complained of by the plaintiff, aside from the challenges to the validity of union elections, all occurred over four years prior to the filing of this complaint. The plaintiff cannot now maintain an action for possible violations of either 29 U.S.C. § 411 or a union's duty of fair representation when the acts complained of occurred in 1985 and 1986.

Accordingly, after careful consideration of this matter, this court

ORDERS and ADJUDGES that the defendant's motion for summary judgment be, and the same hereby is, GRANTED. The court further

ORDERS and ADJUDGES that all other pending motions are hereby DENIED AS MOOT. This case is DISMISSED WITH PREJUDICE.

DONE and ORDERED in chambers at the United States District Courthouse, Federal Courthouse Square, Miami, Florida, this 14th day of June, 1991.