**COMMUNICATIONS WORKERS OF AMERICA, Plaintiff,**

v.

**AT & T INFORMATION SYSTEMS, INC., Defendant.**

**Civ. A. No. 89–8150.**

United States District Court, E.D. Pennsylvania.

Dec. 30, 1991.

William T. Josem, Markowitz & Richman, Philadelphia, Pa., for plaintiff.

Richard S. Meyer, John McLaughlin, Dilworth, Paxson, Kalish and Kauffman, Philadelphia, Pa., John H. Curley, AT & T Information Systems, Inc., Morristown, N.J., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is a Section 301 action under the Labor Management Relations Act, 29 U.S.C. § 185, brought by Communication Workers of America ("CWA") to compel AT & T Information Systems, Inc. ("AT & TIS") to arbitrate a dispute between the parties pursuant to a collective bargaining agreement. First filed on November 15, 1990, this action alleges that AT & TIS has violated the collective bargaining agreement between the parties by failing to honor its obligations to equalize overtime. After a hearing and supplemental argument from the parties, this Court in its Order of August 29, 1991, declared that CWA and AT & TIS had entered into a contractual agreement by which they had agreed to submit to arbitration the overtime equalization grievances which are at issue in this action. This Court further ordered that AT & TIS was to file on or before September 15, 1991, affidavits or other material relevant to its assertion that the statute of limitations for actions to compel arbitration barred referral to arbitration of some of the grievances at issue in this action.

In accordance with this Court's Order of August 29, 1991, AT & TIS has filed stipulated facts relating to some of the disputed grievances. AT & TIS has also filed a motion for summary judgment, in which it has limited its statute of limitations assertion to only fifteen of the grievances at issue in this action. These grievances are numbered 13–8701A, 14–8842A, 27–8656A, 27–8657A, 27–8704A, 14–8748A, 14–8901A, 14–8902A, 14–8904A, 14–8905A, 14–8833A, 14–8834A, 14–8835A, 14–8836A, and 14–8837A.

This Court concludes that, with the exception of the fifteen above-numbered grievances, AT & TIS will submit all of the grievances at issue in this action to arbitration. As to the above-numbered fifteen grievances only, this Court will grant AT & TIS's motion for summary judgment for the reasons set forth below.

The procedural history and findings of fact in this action are detailed in this Court's memorandum of August 29, 1991, and will not be repeated herein except as to such facts that are pertinent to AT & TIS's motion for summary judgment.

Under the 1986 and 1989 collective bargaining agreements, a general grievance procedure was established between plaintiff CWA and defendant AT & TIS, consisting of three "steps." If differences between AT & TIS and CWA were not settled at completion of the third and final step for grievances subject to arbitration under the terms of the 1986 and 1989 agreements, either party had the right to institute proceedings for arbitration within sixty days of the completion of the formal three-step grievance procedure.

In this lawsuit, plaintiff CWA alleges that defendant AT & TIS violated overtime equalization agreements. Under the overtime equalization agreements, AT & TIS had agreed, basically, to offer overtime work first to qualified employees who had accrued the fewest cumulative overtime hours. Each of the grievances originally at issue in this action was denied by AT & TIS on the merits at the third and final step of the grievance procedure. For those grievances, CWA submitted written notices of its election to arbitrate, pursuant to the grievance and arbitration procedure under the 1986 and 1989 collective bargaining agreements. AT & TIS refused to submit the grievances to arbitration, stating that the applicable agreement was "silent with regard to the issues raised." CWA then filed this Section 301 action against AT & TIS, in which it included some grievances for which CWA had not demanded arbitration.

This Court in its Order of August 29, 1991, found on the basis of credible evi-

dence introduced at a hearing that by a series of written and oral agreements, implemented from 1984 to the present, the litigants had agreed to submit overtime equalization disputes to arbitrators. This Court further ordered AT & TIS was to file on or before September 15, 1991, affidavits or other material relevant to those grievances for which AT & TIS asserted that the statute of limitations was a bar to referral to arbitration.

Pursuant to this Court's Order of August 29, 1991, AT & TIS has filed a stipulation of the parties dated September 12, 1991. This stipulation includes dates pertinent to the fifteen grievances at issue in AT & TIS's motion for summary judgment. In AT & TIS's motion for summary judgment, AT & TIS asserts that, as to these fifteen only, the statute of limitations for actions to compel arbitration has run, precluding the referral of these fifteen to arbitration. Listed below, the Court has taken the liberty of grouping the fifteen grievances in the four categories:

1. Grievance No. 13–8701A: CWA demanded arbitration on May 8, 1987. AT & T denied this demand on July 7, 1987.

2. Grievance Nos. 14–8842A, 27–8656A, 27–8657A, 27–8704A, and 14–8748A: CWA demanded arbitration on December 2, 1988. AT & T denied this demand on December 20, 1988.

3. Grievance Nos. 14–8901A, 14–8902A, 14–8904A and 14–8905A: AT & T denied these grievances at the third and final step of the grievance procedure on February 21, 1989. CWA has not demanded arbitration with respect to these grievances.

4. Grievance Nos. 14–8833A through 14–8837A: AT & T denied these grievances at the third and final step of the grievance procedure on January 27, 1989. CWA has not demanded arbitration with respect to these grievances.

The grievances listed in categories one and two above were denied by AT & TIS at the third and final step of the grievance procedure, after which CWA demanded and AT & TIS denied arbitration. For the first grievance, listed in category one, AT & TIS denied arbitration on July 7, 1987. For the five grievances listed in category two, AT & TIS denied arbitration on December 2, 1988.

The grievances listed in categories three and four above were denied by AT & TIS at the third and final step of the grievance procedure. The grievances listed in category three were denied on February 21, 1989. The grievances listed in category four were denied on January 27, 1989. Under the 1986 and 1989 collective bargaining agreements, as heretofore stated, CWA had sixty days to submit these grievances to arbitration. CWA did not, however, demand arbitration on any one of these grievances in categories three and four.

■ Although AT & TIS and CWA agree on the dates on which AT & TIS denied CWA's demand for arbitration on the grievances listed in categories one and two, and on the dates on which AT & TIS denied after the third step of the grievance procedure the grievances listed in categories three and four, they do not agree on the statute of limitations which this Court should apply in this Section 301 action.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, extends federal jurisdiction to "[s]uits for violation of contracts between an employer and a labor organization...." 29 U.S.C. § 185(a). It does not, however, contain an express statute of limitations within which such actions may be instituted. Consequently, as the Supreme Court stated in the seminal case of *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), in an action under Section 301, courts must " 'borrow' the most suitable statute or other rule of timeliness from some other source." *Id.* at 158, 103 S.Ct. at 2287.

Although the general rule prior to *DelCostello* for borrowing of statutes of limitations was to borrow the most analogous state statute, the *DelCostello* Court determined that the six month statute of limitations of Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), ("NLRA"), should be applied to a hybrid Section 301/ duty of fair representation

action in which an employee alleged that his employer had breached a provision of the collective bargaining agreement and his union had mishandled the ensuing grievance and arbitration proceeding. The Court reasoned that the six month statute of limitations of Section 10(b) of the NLRA was designed to accommodate both a balance of interests very similar to the federal policies, such as the rapid final resolution of labor disputes, and the practicalities of litigation at stake in the *DelCostello* hybrid action. The Section 10(b) limitations period, the Court further determined, better satisfied "those consensual processes that federal labor law is chiefly designed to promote—the formation of the ... agreement and the private settlement of disputes under it." *Id.* at 169–71, 103 S.Ct. at 2293–94 (citations omitted).

For essentially the same reasons as those given by the *DelCostello* Court for "borrowing" the Section 10(b) statute of limitations for hybrid actions, the Third Circuit, the following year, "borrowed" the Section 10(b) limitation period for Section 301 cases for actions to compel arbitration. *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896 (3d Cir.1984). Use of Pennsylvania's then applicable six year statute of limitations in actions on a contract, the Third Circuit reasoned, would stretch out industrial disputes far too long. *Id.* at 901.

Defendant AT & TIS asserts that under *Westinghouse*, an action to compel arbitration must be commenced within six months of the date on which "the employer takes an unequivocal position that it will not arbitrate." *Id.* at 902. Thus, for the grievances listed in categories one and two above, for which CWA demanded and AT & TIS denied arbitration, AT & TIS took an "unequivocal position" that it would not arbitrate when it denied CWA's demand for arbitration on July 7, 1987 and on December 20, 1988, respectively. CWA did not file this action until November 15, 1990. Since well over six months passed prior to CWA's filing of this action, AT & TIS asserts that submission of the grievances

in categories one and two to arbitration is time-barred under *Westinghouse.*

For the grievances listed in categories three and four above, for which CWA failed to demand arbitration after these grievances were denied at the third and final step of the grievance procedure on February 21, 1989, and January 27, 1989, respectively, AT & TIS asserts that CWA's cause of action accrued at the expiration of the sixty day period in which the union may demand arbitration pursuant to the 1986 and 1989 bargaining agreement, in that AT & TIS's "unequivocal position" that it would not arbitrate was at that time established. For these grievances, then, AT & TIS asserts that CWA's action had to be brought within six months plus sixty days after February 21, 1989, and January 27, 1989, respectively. Since CWA did not file this action until November 15, 1990, AT & TIS asserts that the grievances listed in categories three and four are also time-barred under *Westinghouse.*

Plaintiff CWA, on the other hand, asserts that in 1989, six years after *DelCostello*, the Supreme Court in its decision, *Reed v. United Transportation Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), cast doubt on the continuing validity of the Third Circuit's decision in *Westinghouse* to "borrow" on the basis of *DelCostello* the six month limitation period of Section 10(b) of the NLRA for actions to compel arbitration. CWA asserts that the *Reed* Court emphasized that the borrowing of a federal statute was a "closely circumscribed exception" to the general rule that statutes of limitation are to be borrowed from state law. *Id.* at 324, 109 S.Ct. at 625 (quoting *DelCostello*, 462 U.S. at 172, 103 S.Ct. at 2281). Thus, CWA asserts, *Reed* ended the broad application of *DelCostello* to a variety of labor cases, and limited *DelCostello* to hybrid Section 301 actions by the Court's admonition that "analogous state statutes of limitations are to be used unless they frustrate or significantly interfere with federal policies." *Reed*, 488 U.S. at 327, 109 S.Ct. at 625. As the *Reed* Court stated:

We decline to borrow a state statute of limitations only "when a rule from else-

where in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking."

*Reed*, 488 U.S. at 324, 109 S.Ct. at 625 (quoting *DelCostello v. International Brd. of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983)).

CWA, relying upon *Reed*, asserts that the statute of limitations for the present action to compel arbitration is the Pennsylvania four year statute of limitations for actions on a contract, 42 Pa.Cons.Stat.Ann. § 5525. Since all of the events incident to this action took place within the four years allowed under the Pennsylvania limitations period, CWA argues that all fifteen of the grievances here in dispute are not barred by the four year state statute of limitations.

The reasoning in *Westinghouse* has been followed by five other circuits, each of which has chosen the Section 10(b) limitation period for suits to compel arbitration. *Communications Workers of America v. Western Electric Company*, 860 F.2d 1137 (1st Cir.1988), *Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington*, 820 F.2d 31 (2d Cir.1987), *McCreedy v. Local No. 971, UAW*, 809 F.2d 1232 (6th Cir.1987), *International Association of Machinists and Aerospace Workers v. Allied Products Corp.*, 786 F.2d 1561 (11th Cir.1986), and *Teamsters Union Local 315 v. Great Western Chemical Co.*, 781 F.2d 764 (9th Cir.1986). Each of these cases, however, was decided before the Supreme Court decision in *Reed*, in which a union member brought an action against his union and its officers under Section 101(a)(2) of the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2), alleging that his union had violated his right to free speech. The suit was not filed until two years after the last complained-of event had occurred.

In *Reed*, the Supreme Court rejected the argument that the same policies that led to the use of Section 10(b) in *DelCostello* for

hybrid Section 301 actions should apply. The Court stated that the employee's Section 101 action found a closer analogy in state personal injury law than under Section 10(b). Further, the Court stated that this employee's case raised none of the practical problems raised in *DelCostello*, which had included the short time allowed under the 90–day limitation period that typically governed state suits for the vacation of arbitration awards, and those that arise when "distinct forms of action are combined, making the possibility of finding a single analogous state statute more remote." *Id.* 488 U.S. at 328 n. 4, 109 S.Ct. at 627–28 n. 4. Finally, the *Reed* Court stated that intra-union disputes often fail to implicate sufficiently the national policy concerns balanced by Section 10(b)'s six month period. *Id.* 488 U.S. at 330, 109 S.Ct. at 628–29.

Since *Reed*, courts may no longer simply apply the six month limitation period of Section 10(b) to labor actions other than those asserting a hybrid Section 301 claim. As the 11th Circuit stated in *United Paperworks Intern. v. ITT Rayonier*, 931 F.2d 832, 835 (11th Cir.1991), under *Reed*, courts must now

assume the general rule of borrowing state statutes of limitation applies unless (1) a rule from federal law "clearly provides a closer analogy that available state statutes," and (2) "the federal policies at stake and the practicalities of litigation make that [federal] rule a significantly more appropriate vehicle for interstitial lawmaking."

*Id.* at 835 (quoting *DelCostello v. International Brd. of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983) (citations omitted) (brackets original)).

Applying *Reed*, this Court determines that the six month limitations period of Section 10(b) of the NLRA continues to apply to action brought by a union against an employer to compel arbitration. The *Reed* Court described the action in *DelCostello* by stating that

[t]he specific focus of our comparison between unfair labor practice charges

governed by § 10(b) and hybrid § 301/ fair representation claims was their effects upon the formation and operation of the collective-bargaining agreement between the employer and the bargaining representative, and upon the private settlement of disputes under that agreement through grievance-and-arbitration procedures.

*Reed* 109 S.Ct. at 628.

This Court determines that CWA's action in this litigation arose directly out of CWA's attempts to grieve disputes under its bargaining agreement with AT & TIS. As such, it directly involves the grievance/arbitration provisions of a collective bargaining agreement. This Section 301 action clearly finds a close analogy in the reasoning that led the *DelCostello* Court to borrow Section 10(b) of the NLRA. Further, this action directly involves the federal interests in a stable bargaining relationship and in private dispute resolution under a collective-bargaining agreement. The borrowing of the four-year Pennsylvania statute would not serve the federal interest of "the relatively rapid final resolution of labor disputes." *DelCostello*, 462 U.S. at 168, 103 S.Ct. at 2292. As the *DelCostello* majority stated, the system of industrial self-government encouraged by federal law, "with its heavy emphasis on grievance, arbitration, and the 'law of the shop,' could easily become unworkable if a decision which has given 'meaning and content' to the terms of an agreement ... could suddenly be called into question ... years later." *Id.* at 169, 103 S.Ct. at 2293. Thus, applying *Reed* 488 U.S. at 324, 109 S.Ct. at 625, the "federal policies at stake and the practicalities of litigation" make the six month statute of limitations of Section 10(b) is a "significantly more appropriate vehicle" than the four-year Pennsylvania statute of limitations for an action on a contract.

This Court holds, therefore, that under the six month statute of limitations of Section 10(b), the fifteen above-numbered grievances here at issue in AT & TIS's motion for summary judgment are time-barred. As our Third Circuit determined in *Westinghouse*, an action to compel arbitra-

tion must be commenced within six months of the date on which "the employer takes an unequivocal position that it will not arbitrate." *Id.* at 902. Of the six grievances for which CWA demanded and AT & TIS denied arbitration, listed above in categories one and two, AT & TIS did take an unequivocal position that it would not arbitrate well over six months prior to CWA's filing of this action to compel arbitration. The six grievances listed in categories one and two are, therefore, time-barred by the six month statute of limitations.

■ Of the remaining nine grievances, listed above in categories three and four, for which AT & TIS denied the grievances at the third and final step of the grievance procedure, and for which CWA did not afterwards demand arbitration, this Court holds that, pursuant to the provisions of the 1986 and 1989 collective bargaining agreements, CWA's cause of action accrued at the expiration of the sixty day period provided under those agreements during which the union may demand arbitration. For these nine grievances, then, CWA's action had to be brought within six months plus sixty days of AT & TIS's denial of the grievances at the third and final step of the grievance procedure. This action was brought after, however, more than six months plus sixty days had elapsed. The nine grievances listed in categories three and four are, therefore, time-barred.

For the foregoing reasons, this Court holds that the fifteen grievances [numbered 13–8701A, 14–8842A, 27–8656A, 27–8657A, 27–8704A, 14–8748A, 14–8901A, 14–8902A, 14–8904A, 14–8905A, 14–8833A, 14–8834A, 14–8835A, 14–8836A, and 14–8837A] at issue in defendant AT & TIS's motion for summary judgment are precluded from being referred to arbitration by the six-month statute of limitations. Defendant AT & TIS's motion for summary judgment, therefore, will be granted.